J. R. SHOMAKER, *Plaintiff in Error*, v. J. S. BETTS COMPANY, A CORPORATION, *Defendant in Error*.

1.  Where a copy of a printed advertisement of a tax sale is filed with the clerk with proof of publication as required by the statute, the mere failure of the clerk to transcribe the advertisement in a record under section 558 of the General Statutes, does not in view of the facts in evidence render void the tax deed in this case.

2.  Where a deputy clerk who was connected with the department of the clerk's office which arranges for the notices of tax deeds applied for, testifies that he did not remember giving the notice, but would not say he did not give the notice, such testimony alone does not overcome the *prima facie* effect of the tax deed under the statute.

Appealed from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*W. B. Farley,* and *Calhoun & Campbell,* for Plaintiff in Error;

*C. L. Wilson,* for Defendant in Error.

WHITFIELD, C. J.—In ejectment the court directed a verdict for the plaintiff and to the judgment entered thereon the defendant took writ of error.

The question to be determined is the validity of the tax deed under which the defendant claimed title.

The plaintiff below contends that the tax deed is void because (1) the tax advertisement was not recorded as required by Section 558, General Statutes of 1906; (2) the proper notice was not given of the application for tax deed; (3) of errors in the recitation of the tax deed.

A failure to comply strictly with those provisions of tax laws which are intended for the guide of officers in the conduct of business devolved upon them, designed to secure order, system and dispatch in proceedings, and by a disregard of which the right of parties interested cannot be injuriously affected, will not usually render the proceeding void; but where the requisites prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and a disregard of them might and generally would injuriously affect his rights, they cannot be disregarded, and a failure to comply with them will render the proceeding invalid. Clark-Ray-Johnson Co. v. Williford, 62 Fla. 453, 56 South. Rep. 938.

Section 558 of the General Statutes of 1906, regulating the advertisement and sale of lands for non-payment of taxes, provides that "a copy of the advertisement shall be recorded in the County Clerk's Office within ten days after said sale." This requirement of the statute was not literally complied with, but a copy of the printed

advertisement was filed with the Clerk with the proof of publication, and the report of sales was recorded as required by Sections 560 and 565 of the General Statutes of 1906. It must be assumed that the printed advertisements and proof of publication filed in the Clerk's office are preserved in safe and permanent form so as to afford the owner a ready means of proof as to the advertisement. The posting of the printed advertisement securely in a permanent record may be tantamount to a recordation of the advertisement. Under these circumstances in this case the mere failure to transcribe the advertisement in a record book does not embarrass the owner or cause the sacrifice of his property or a serious injury to his rights. See Stieff v. Hartwell, 35 Fla. 606, 17 South. Rep. 899.

Section 575 of the General Statutes of 1906, in regulating the notice of application for tax deed provides that "the Clerk shall also mail a copy of said notice of application for tax deed to the owner of the lands for which a tax deed is applied for. If the owner is unknown, then such notice shall be delivered or mailed to the pers n last paying taxes on said property." Under the statute, the tax deed is *prima facie* valid.

This put upon the plaintiff below, the burden of showing that the notice required by the statute was in fact not given. A deputy Clerk, who was connected with the department of the Clerk's office which arranges for the notices of the tax deeds to be made, testified that he did not remember giving the notice, but would not swear that he did not give the notice. No one else was examined on this point, and this testimony was not sufficient to overcome the *prima facie* effect of the deed, since the testimony afforded no evidence that the required notice was not in fact given. As the other objections to the tax deed

did not go to its validity as to the land in controversy, they will not be discussed here.

The court erred in directing a verdict for the plaintiff.

The judgment is reversed.

SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.

TAYLOR, J., absent on account of illness, concurred in the opinion as prepared.