WILLIAM BURBRIDGE, *et al., Appellants,* v. IDA M. GUINTER, *et al., Appellees.*

Opinion Filed January 27, 1915.

Where the original mortgagor is not made a party in a suit to enforce a mortgage lien, and there is no allegation that the original mortgagor had title to the property, and the assumption of the mortgage debt by the purchaser from the mortgagor is not alleged, a personal decree against such purchaser for the debt is not warranted.

Appeal from Circuit Court for Duval County; R. M. Call, Judge.

Decree Reversed.

*Axtell* N *Rinehart, W. M. Bostwick, Jr.,* and *D. H. Doig,* for Appellants;

*Frank L. Dancey,* for Appellees.

WHITFIELD, J.—This appeal is from decrees adjudging the equities to be with the complainants and barring the equities of the defendants, and decreeing a sale and distribution in a suit to enforce an alleged mortgage lien.

It appears that in 1902 W. H. H. Styles conveyed the land to his wife, as the statute (Sec. 2457 Gen. Stats.) authorized him to do; that in 1905 the wife died leaving the husband and childdren; that in 1909, pursuant to a judicial sale for non-payment of city taxes, the land was sold and conveyed to W. H. H. Styles; that in 1911 W. H. H. Styles took a mortgage lien on the property from J. A. Bianco; that subsequently in 1911, Bianco conveyed the land to Wm. Burbridge, who it is alleged took "subject to the mortgage;" that in 1912 Styles assigned the mortgage from Bianco to the appellee Ida M. Guinter; that on July 2, 1913, Wm. Burbridge conveyed the land to W. H. H. Styles as trustee for himself and as guardian for his children; that on July 2, 1913, W. H. H. Styles, as trustee for himelf and as guardian for his children executed a mortgage on the property to Farber Burbridge; that in August, 1913, the appellee brought suit to enforce the lien assigned to her by Styles, making Wm. Burbridge and wife, Farber Burbridge and W. H. H. Styles and his present wife and W. H. H. Styles as guardian for his minor children, and also the minor children, parties defendant.

The appellees have no greater right to a lien than the original mortgagee, W. H. H. Styles had. If the conveyance in 1902 by Styles to his wife carried to her the beneficial interest as well as the legal title, and such beneficial title has not passed from Mrs. Styles or her heirs, the lien claimed by the appellee does not exclude the minor heirs of Mrs. Styles, even if the husband has disposed of his interest. If W. H. H. Styles was a co-tenant with his minor childdren as heirs of the wife and mother, the judicial sale to W. H. H. Styles for the amount of unpaid taxes, does not of itself exclude the other co-tenants, the minor children, from participating

in any right or title acquired by the father, subject to contributions to meet the tax payments. The defendant minor heirs of Mrs. Styles are entitled to have the record show clearly that their interest in the land has duly passed from them before they are barred, and this the record does not show.

The bill of complaint does not make Bianco, the original mortgagor, a party, and does not allege that Bianco, the original mortgagor, had title to the property. There is an allegation that in the deed of conveyance from Bianco to Burbridge "was a clause to the effect that said conveyance was made subject to the mortgage." The copy of the conveyance from Bianco to Burbridge made an exhibit "to be taken as a part of the bill of complaint," contains a clause that it is "understood and agreed that the grantee assumes the payment of the indebtedness," but such assumption of the debt by Burbridge is not alleged. Under the allegations of the bill, a personal decree against William Burbridge and his wife for the debt is not warranted, even though on proper allegations and proofs the lien upon the land might be enforced adversely to Burbridge and his wife. .

Reversed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., Concur.