O. L. STUART, *Appellant,* v. ERNEST STEPHANUS ET AL., *Appellees.*

Division A.

Opinion Filed December 10, 1927.

*Dewey A. Dye,* of Bradenton, for Appellant;

No appearance for Appellees.

STRUM, J.—This is a suit to quiet title. The appellant, who was complainant below, alleges that he is the owner in fee simple and in possession of certain lands in Manatee County, title to which he acquired through a tax deed dated June 3, 1924, issued by the State as grantor to complainant as grantee, said tax deed being recorded in the public records of Manatee County in Deed Book 4 at page

348. The alleged clouds complained of, and against which relief is sought, consist of what is commonly referred to as the ''record title,'' that is, the chain of title beginning with the original grant of the fee by the United States, and continuing through mesne conveyances of record into one of the defendants, who is apparently the person last seized of that fee, upon which chain of record title the claims of the defendants are alleged to be based. Complainant alleges that the chain of record title just mentioned, though apparently valid, is in fact invalid and inferior to complainant's tax title, but that on account of the suspicion and doubt with which tax deeds are regarded, the existence of the chain of record title into the person formerly owning the fee thereunder casts a cloud on the tax title of complainant and hinders and embarrasses him in his peaceful use and enjoyment thereof.

Besides the general prayer for relief, complainant prays that ''any and all deeds and other instruments which may cast a cloud upon your orator's (complainant's) fee simple title, be set aside, cancelled and declared null and void, as a cloud upon your orator's title, and that said deeds or other instruments be cancelled, and that your orator's title may be forever quieted against the defendants above named, described, designated and referred to, and all persons claiming under them, and that your orator may have his rights under said tax deed declared  *  *  *.''

Upon final hearing, the chancellor entered a decree dismissing complainant's bill as being without equity, from which decree this appeal is taken.

When the State executes and delivers a tax deed, it is not a mere conveyance, *in invitum,* of the title of the former owner. A tax title is not dependent upon the validity of the title of the former owner. It is not a derivitive title, nor is it in privity with the former record title.

It is not merely the sum of all the existing titles, but, if valid, a tax deed creates in the grantee a new title in the nature of an independent and paramount grant by the sovereign authority made in the exercise of its power to compel a proportionate contribution toward the expense of government by levying a tax against the property and coercing its payment by subjecting the property to sale in default of payment. A sale of the property by the sovereign in the exercise of that power operates upon the land itself and not upon the title by which it had theretofore been held. In the ordinary case, it matters not how many different interests may have been connected with the former title, for if the tax deed and the antecedent procedure are regular and in conformity with law, the land, accompanied by a new, exclusive, complete and paramount title, goes to the purchaser.

The validity of a tax title depends upon a strict compliance with the provisions of law under which they are created. These laws are strictly construed in favor of the taxpayer and such titles are frequently rendered nugatory by errors committed in carrying out the procedure prescribed by law for the creation of such titles. In view of the complexity of the procedure employed in the assessment of taxes, in the sale of lands in default of payment thereof, and in the issuance of a deed to the purchaser; and due also to the careless, inexact or inept manner in which the procedure is carried out in many instances, and due also to the fact that many grave questions may arise even where the greatest care has been taken to follow the law, a tax deed is generally regarded in a practical point of view as amongst the most precarious evidences of title and is usually looked upon with distrust and suspicion.

If, however, the tax deed and antecedent proceedings are valid and regular, then from the time of the delivery

of the deed the grantee is clothed not merely with the title of the person who was last seized of the fee, but with a new, complete, exclusive and paramount title in a new right under and an independent grant from the sovereign authority. The tax title thus created has nothing to do with the previously existing chain of record title, nor does it in any way connect itself with it. The issuance of a valid tax deed extinguishes or terminates by operation of law all prior existing titles resting in private ownership and all equities arising out of them. Such former titles are no longer operative. In this respect there is no analogy between a tax title and an ordinary chain of record title.

Generally speaking, the person asserting such a tax title need go no further than his tax deed. The deed is the inception of that title and is *prima facie* evidence thereof. Brown v. Castellaw, 33 Fla. 204, 14 South. Rep. 822. If the tax deed is valid, the former title can neither assist nor prejudice the tax title. The tax grantee takes a complete and perfect title by another right—by a new, independent and paramount grant. See Brown v. Atlantic N. B. & L. Ass'n, 46 Fla. 492, 35 South. Rep. 403; Turner v. Utley, 112 South. Rep. 837; Hefner v. Northwestern Mutual Life Ass'n, 123 U. S. 747, 31 L. Ed. 309; Hussman v. Durham, 165 U. S. 148, 41 L. Ed. 665; Emery v. Boston Terminal Co., 59 N. E. Rep. 765; Kahle v. Nisley, 78 N. E. Rep. 528; McQuity v. Doudna, 70 N. E. Rep. 99; Gwynne v. Niswanger, 20 Ohio 556; Blackwell on Tax Deeds (5th Ed.), Sec. 970, *et seq.*; Cooley, Tax'n (4th Ed.), Sec. 1492, *et seq.*; Warvelle on Abstracts (3rd Ed.), Sec. 526; 37 Cyc. 1487.

The bill of complaint in this case does not allege any attempt subsequent to the issuance of the tax deed to assert the former record title, as for instance by the execution and recording of a deed or mortgage by the former owner

attempting to convey or incumber the land by authority of the former record title. Such an instrument might constitute a cloud on the tax title. The bill, however, complains solely of the mere existence of the chain of title from the United States under which the former owner held, coupled with the allegations that the defendants are persons interested in the property and that their claims are based upon the record title as it existed prior to the issuance and delivery of complainant's tax deed.

If complainant's tax deed is valid, the former record title is extinguished and terminated by operation of law. It therefore constitutes no cloud, either actual or apparent, upon complainant's tax title, which fact appears from the public records themselves, without the aid of a decree in equity. If, on the other hand, complainant's tax deed is not valid, he is not entitled to relief against the existing record title, as the latter title continues to exist in the record owner notwithstanding the invalid tax deed. The matter therefore resolves itself into the sole question of whether or not complainant's tax deed is valid. As was said in Brecht v. Bur-ne Co., 108 South. Rep. 173, there is now no proceeding known to the law of this State as a bill to declare the validity of a tax deed only, as the validity of such a deed may be established incidentally by the removal of claims which constitute a cloud upon the title of the complainant holding under a tax deed. The facts alleged in this bill of complaint, however, do not fall within the latter category. See also Alvord v. Smith, decided at this term.

Complainant further urges that under Chapter 7857, Laws of 1919, it would be competent for a court of equity to declare the rights of the complainant under his tax deed and decree him to be the owner of a valid fee simple title to the property. Amongst other things, the statute

just mentioned purports to authorize any person claiming to be interested under a deed or other written instrument to apply to a court of equity "for the determination of any question of construction arising under the instrument and for a declaration of the rights of the person interested * * *." The procedure contemplated by that statute is, first, a construction of the instrument, and second, a declaration of the rights which follow that construction. While that statute may authorize a court of equity to construe complainant's *tax deed* and declare his rights thereunder based upon that construction, the statute does not contemplate that the court shall explore the procedure antecedent to the tax deed for the purpose of pronouncing a decree declaratory of the validity of such deed as against imperfections in the antecedent procedure.

The decree appealed from is affirmed.

ELLIS, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.