W. B. JORDAN, *Appellant*, v. RAYMOND M. BAUGHER, if Living and the Heirs, Devisees, Grantees, or other Claimants under him, the said RAYMOND M. BAUGHER, if dead, *Appellees*. JOHN D. KEITH, *Intervenor*.

Division A.

Opinion filed September 19, 1929.

*Robert J. Boone,* for Appellant;

*Shutts & Bowen* and *David L. Strickland,* for Appellees.

BROWN, J.—Appellant, complainant in the court below, filed his bill against Raymond M. Baugher, if living, and his heirs, devisees, grantees, or other claimants under him, if dead, to quiet the title to certain described lands.

Service was had by publication, and at the expiration of such publication one John D. Keith, of Gettysburg, Penna., filed a petition to be allowed to intervene and to file a demurrer to the bill, which demurrer was tendered with the petition. The only ground for leave to intervene which was stated in the petition was the mere allegation that the petitioner "claimed title in and to said property." The petition was granted the day it was filed, and Keith was permitted by the court to file his demurrer on the same day. There was no appearance or pleading filed in the cause by Baugher, or by any one purporting to claim under him.

The original bill alleged that complainant's title to the land in question was deraigned from a certain tax deed to the Sun Land Company, dated July 7, 1919; and that through several mesne conveyances by warranty deeds the title which had been thus acquired by the Sun Land Company was, in 1925, vested in complainant, who went into possession of the land, and that he was in actual possession

of the same when the bill was filed. That complainant believed that Baugher, if living, or those claiming under him, if dead, were interested in the land by virtue of certain described deeds to Baugher from Alsobrook and Kunkel, which were of record, book and page being given. The bill prayed that these deeds be cancelled and the title quieted in complainant.

Intervenor Keith's demurrer made the point that the bill merely sought to quiet a title based upon a tax deed without showing any effort to assert the record title, and was without equity. This demurrer was sustained, and properly so, and complainant filed an amended bill. To this a similar demurrer was sustained.' By stipulation complainant was permitted to file a third amended bill.

In addition to the allegations of the original bill, the bill as last amended averred that said Keith, the intervenor, claimed some interest, right, or title in and to the land, the nature of which complainant, after diligent inquiry, had not been able to ascertain, and that he was now made a party defendant for the sole reason that he had been allowed to intervene and file a demurrer on his allegation in his petition that he had some right, title or interest in or to said property.

The bill as last amended by its averments deraigned title from the United States government through certain mesne conveyances of record down to the conveyances to Baugher; alleged the sale of the lands for unpaid taxes assessed to Baugher, the execution of the tax deed to the Sun Land Company, and the conveyance of the title of said company through several mesne conveyances of record to complainant, thus vesting in him the fee simple title. That the said assessment, sale and issuance of tax deed, were all in full compliance with the laws of the State and had vested a fee simple title in the Sun Land Company to the lands in

question. The prayer was that the title be decreed to be in complainant and the claims of the defendants or any persons claiming under them be cancelled and held for naught.

Again the intervenor demurred; the demurrer was sustained and the bill dismissed. From this order complainant appealed.

In Stuart v. Stephanus, 94 Fla. 1087, 114 So. R. 767, this Court held that a bill in equity cannot be maintained solely to quiet a title based on a tax deed as against the former record title, on the theory that the former record title constituted a cloud on the tax title, in the absence of any allegation of an attempt to assert the record title. In that case, the bill of complaint did not "allege any attempt subsequent to the issuance of the tax deed to assert the former record title, as for instance by the execution and recording of a deed or mortgage by the former owner attempting to convey or encumber the land by authority of the former record title. Such an instrument might constitute a cloud on the tax title."

But the amended bill in this case does allege that Keith, the intervenor, claimed title to the property, and had asserted such claim in his petition to intervene, though complainant had not been able, after diligent inquiry, to ascertain the nature or basis of the claim. The petition of Keith, on file in the case, did allege, as above noted, that he claimed title to the land, and it must have been on the strength of this claim that the court allowed him to intervene. So it cannot be said here, as was said in the case of Stuart v. Stephanus, that the bill "complains solely of the mere existence of the chain of title from the United States under which the former owner held, coupled with the allegations that the defendants are persons interested in the property and that their claims are based upon the record

title as it existed prior to the issuance and delivery of complainant's tax deed.''

In so far as the amended bill attempted to show that complainant deraigned title in part from the United States through various grantees down to Baugher, the holder of the record title when the land was sold for unpaid taxes, it would be technically inconsistent with the complainant's claim of title based on the tax deed and the proceedings antecedent thereto, to pray the cancellation of any link in the chain of title under which Baugher had held; for the tax sale and deed to the Sun Land Co., if valid and regular, clothed the land company, not with the title of the person who was last seized of the fee, but with ''a new, complete, exclusive and paramount title in a new right and under an independent grant from the sovereign authority,'' as pointed out in the able opinion of Mr. Justice STRUM in the case of Stuart v. Stephanus, *supra*. And hence, as there is no allegation that there had been any tangible attempt, subsequent to the tax deed, to assert the record title, the bill as amended shows no ground for relief as against any one claiming under such record title.

But the amended bill also makes Keith a party defendant and alleges that he claims title to the property, and that he has asserted such claim in his petition for intervention filed in the case, though the complainant had not been able to ascertain the basis of his claim. As we have seen, the court had given sufficient weight to this claim of title by Keith to accept it as a sufficient ground for allowing him to file the petition for intervention. Thus, in the bill as last amended we have a bill alleging the existence of the fee simple title in complainant founded upon a tax deed, and also alleging the assertion of a claim of title by defendant Keith, adverse to that of complainant, made subsequently to the execution of the tax deed. We think that

under Chapter 11383, Laws of 1925, Section 5010 et seq., Comp. Gen. Laws, this gives equity to the amended bill as a bill to quiet title against the adverse claim of title thus asserted by Keith.

Nor do we think that Keith is in a position to take advantage of the general rule that the bill must show a right of action in the complainant as against all the defendants, including himself, at the time the suit was brought. This rule is sometimes relaxed in equity cases by permitting the filing of supplemental pleadings setting up matters occurring subsequently to the filing of the original bill in order to accord full justice to the parties. By securing permission from the court to intervene in the suit subsequent to the filing of the original bill, on account of the fact that he was claiming title to the property involved in the suit, Keith thereby submitted himself, and his claim, to the jurisdiction of the court in the pending suit, and waived any right he might otherwise have had to object to the adjudication of his claim during the further progress of the cause on the ground that its existence was not alleged in the original bill, or that it had not been asserted before the suit was brought or his petition to intervene was filed. Nor can he be heard to say that in his petition to intervene in the suit he had not asserted his claim of title with sufficient particularity or strength to entitle the complainant to have an adjudication thereof in that suit. If he asserts his claim of title as being of sufficient importance to entitle him to intervene, he impliedly admits that it is of sufficient importance to entitle the complainant to have it adjudicated and quieted, if he can, in the same suit.

The position above taken is not in conflict with Stuart v. Stephanus, *supra*, Brecht v. Bur-Ne Company, 91 Fla. 345, 108 So. R. 173, and McDaniel v. McElvy, 91 Fla. 770, 108 So. R. 820.

We conclude, therefore, that the bill as last amended was not without equity, at least as against the intervenor and defendant Keith, and that the chancellor erred in sustaining the demurrer.

Reversed and remanded.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.