Appellee who was complainant below, filed his bill in every respect similar to that in Stuart v. Stephanus, 94 Fla. 1087, 114 So. R. 767. The bill set up claim of title in fee simple in complaint to eleven parcels of land in Seminole County, under ten described tax deeds of record, issued by the State as grantor to complainant as grantee.
Decree was entered, quieting title in the complainant to all lands described in the bill, and thereafter on petition of Anna L. Tangeman, a defendant named in the bill, said decree was opened so far as said Anna L. Tangeman was concerned with permission to said petitioner to relitigate the case so far as her interests were concerned.
Anna L. Tangeman answered, deraigning her claim of title to certain lands from the United States Government, *Page 1061 
through mesne conveyances all of record prior to issuance of the several tax deeds under which complainant claimed. This answer prayed that appellee's alleged tax title be cancelled and that Anna L. Tangeman be decreed to be the owner in fee simple and entitled to possession of lands described in her petition.
Testimony was taken, final hearing had, and on March 27, 1930, the chancellor rendered a decree quieting title in appellee to tracts 7 and 8 described in the bill of complaint. From this decree appellant appealed.
It is contended the alleged tax titles of complainant are invalid.
Section 4389 (2721) Comp. Gen. Laws of Florida, 1927, which was in force and effect when the several tax deeds were issued to complainant, provides:
 "All tax deeds issued under and pursuant to the provisions and in the form prescribed in and by an act of the Legislature of the State of Florida, entitled, 'An act to provide for the issue, custody, redemption, sale and transfer of tax sale certificates, and the issue of tax deeds, and prescribing the duties of certain officers in connection therewith,' shall be and are hereby declared to be prima facie evidence of the regularity of the proceedings from the valuation of the land described in such deeds respectively, by the assessors, to the date of the deed or deeds inclusive, and shall be so received in evidence in any and all the courts of this State, without regard to date of execution."
The evidence in this case shows that notice of application for tax deeds to tracts 7 and 8 was duly published for 30 days in compliance with Section 1000 (776) Comp. Gen. Laws of Florida, 1927. *Page 1062 
The defendant offered the clerk of the circuit court as a witness, who testified with regard to mailing notices of application for tax deeds to the defendant Tangeman, that he did not remember whether such notices were mailed to Anna L. Tangeman, and that his records did not show the mailing of any notice to her; but that it was customary to mail such notices.
Where a clerk who was connected with a department of the clerk's office which arranges for the notices of tax deeds applied for testifies that he does not remember giving the notice, but does not say that he did not give the notice, such testimony alone does not overcome the prima facie effect of the tax deed under the statute. Shomaker v. J. S. Betts Company,64 Fla. 466, 60 So. R. 117.
It is contended, the bill merely seeks to quiet title based on tax deeds without showing any effort to assert the record title and is without equity.
This Court has held that in the absence of any allegation of an attempt to assert the record title, a bill in equity cannot be maintained solely to quiet a title based on a tax deed as against the former record title on the theory that the former record title constitutes a cloud on the tax title. Stuart v. Stephanus, 94 Fla. 1087, 114 So. R. 767; Cook v. Pontious,98 Fla. 373, 123 So. R. 765; Empire Securities Corp. v. Pontious,98 Fla. 380. 123 So. R. 767; Jordan v. Baugher, 98 Fla. 438, 124 So. R. 32.
It is claimed by appellee that in the light of the decision in Jordan v. Baugher, supra, there was equity introduced into the bill by the pleadings of the defendant Anna L. Tangeman, and there was therefore no necessity to amend the bill.
In Jordan v. Baugher, supra, one Keith filed a petition to be allowed to intervene and to file a demurrer. The only ground for leave to intervene which was stated in the petition *Page 1063 
was the mere allegation that the petitioner "claimed title in and to said property." The petition was granted and after one or more rulings had on demurrer, Keith was made a party defendant to the bill and it was then set up and alleged in the bill for the first time that Keith claimed title to the property and that he had asserted such claim in the case, though the complainant had not been able to ascertain the basis of such claim, and this averment of fact was held to give equity to the amended bill as a bill to quiet title against the adverse claim of title thus asserted by Keith.
The Court, in Jordan v. Baugher, supra, did not relax the well-known rule of equity practice that no facts are put in issue unless charged in the bill (St. Andrews Bay Land Co. v. Campbell, 5 Fla. 560) but held that Keith, after the bill was made to state a cause for equitable relief, was not in a position to take advantage of the general rule that the bill must show a right of action in complainant as against all defendants at the time the suit was filed.
It is well settled in this Court that complainant cannot have the benefit of facts not charged in the bill, although such facts may be developed by the answer or the proofs. St. Andrews Bay Land Co. v. Campbell, supra; Thornton v. Campbell, 6 Fla. 546; Maloy v. Boyett, 53 Fla. 956, 43 So. R. 243; Kellogg v. Kellogg, 95 Fla. 261, 111 So. R. 637; Burbridge v. Guinter,69 Fla. 49, 67 So. R. 571.
The decree of March 27, 1930, is reversed and the cause remanded with leave to the appellee to amend his bill or file a supplemental bill within a short time to be fixed by the court below, and for such other and further proceedings not inconsistent with this opinion, as equity may require.