A. B. TAFF and MARY L. TAFF v. JOHN E. HODGE.

182 So. 230.

Opinion Filed June 6, 1938.

*Julius F. Parker* and *E. T. Davis,* for Appellants;
*W. J. Oven* and *W. J. Oven, Jr.,* for Appellee.

TERRELL, J.—The Appellee John E. Hodge, brought suit in the Circuit Court of Wakulla County to quiet his title to several tracts of land in Wakulla County which he held under a tax deed. · A final decree in compliance with the prayer of the bill was entered October 7, 1937. This appeal is from that part of the final decree relating to fractional Section 28, Township 5, South Range 3 West.

The first question argued may be stated as follows: May the holder of a tax deed bring a suit to quiet his title against a defendant whose claim to said lands was put on record after the issuance of the tax deed, it appearing from the bill of complaint that the main purpose of the suit was to

put at rest defects shown to be in the title prior to the issuance of the tax deed?

An examination of the record discloses that the purpose of the suit was not limited to reaching defects in the title arising prior to the issuance of the tax deed but was directed rather to any and all defects arising prior or subsequent to the tax deed. The law is settled in this state that a tax deed if regular, extinguishes the former record title so the holder of a tax deed cannot quiet his title against the former owner. Stuart v. Stephanus, 94 Fla. 1087, 114 So. 767. If, however, after the execution of a tax deed, a former owner or claimant attempts to assert his record title, such conduct would constitute a cloud on the tax title which would entitle the holder to apply to a court of equity to remove it. Day v. Benesh, 104 Fla. 58, 139 So. 448; Stuart v. Stephanus, *supra;* and Rabinowitz v. Houk, 100 Fla. 44, 129 So. 501.

Appellee in his bill of complaint brought himself within the rule announced in these cases in that he alleges that about five years after he secured his tax deed, appellants placed on record a deed purporting to convey them the title of the former record owner to the lands described. His tax title was thereby clouded and he was entitled to bring this suit to remove any cloud shown to exist.

It is next contended that Appelleee's tax deed was void and conveyed no title because the Clerk of the Circuit Court did not mail notice of the application therefor to the last record title owner as the law directs.

The clerk testified that while it was the practice of his office when applications for tax deeds were made to mail notice of the advertisement therefor to the last known address of the record owner, he would not say positively

that the practice was followed in this case. He said that he knew of no case in eight years where it has not been done. Myers, the former owner, testified that he never paid taxes on the land, would not have paid it for the year in question, that he subscribed to the paper in which the notice was published (Wakulla County News) because of friendship to the editor but that he never read the paper.

Under the law, a tax deed is *prima facie* regular and valid and the requirement to mail the notice of application for it to the owner of the property is directory only and does not affect the validity of the tax deed. Section 1001, Compiled General Laws of 1927. There was a complete failure to overcome the *prima facie* validity of Appellee's tax deed in this case. Tangeman v. Sjoblom, 100 Fla. 1059, 130 So. 603; Shomaker v. J. S. Betts Co., 64 Fla. 466, 60 So. 117.

The third question asserts the invalidity of Appellee's tax deed because the notice of the application therefor as published and required by Section 1001, Compiled General Laws of 1927, was not dated.

The statute prescribes the form of notice and requires that it be published "substantially" in the form given. The notice in this case is shown to have been in all respects regular and published as required by law. It is not shown or claimed that failure to include the date in any way affected the rights of Appellants and being so, we hold that such failure amounted to nothing more than printer's misprision and was not material. For all the record discloses it served every purpose it was designed to serve.

The fourth and fifth questions relate to the fact of whether or not the lands in question were wild and unoccupied, whether Myers still held actual or constructive possession of them when the tax deed was issued or whether

he at any time claimed possession of them after the issuance of the tax deed.

A discussion of these questions would amount to nothing more than a lengthy dissertation on the evidence that is in some respects conflicting. We find no reason to reverse the chancellor on either question and do not see that a discussion of them would serve any useful purpose as no reason is pointed out why his judgment should be changed.

The concluding question contends that the bill of complaint lays no predicate to challenge the title of the record owner which was recorded after the issuance of the tax deed and being so, it was error to permit evidence to show that the record title owner had no title to the lands.

It is shown that appellants acquired their title to the lands in question by purchase at the bankruptcy sale of J. H. Myers, who held the record title, while appellee's title is based on a tax deed. The trustee at the bankruptcy sale conveyed no better title than the bankrupt had and Appellee's title of course depended on the regularity of his tax deed. In quieting the tax title, it was perfectly competent to make appellants parties defendant and any evidence pertaining to the title that proved the issue was competent.

The tax deed showed a *prima facie* title in Appellee and from the record was in all respects regular. Appellants cannot overthrow Appellee's title by pointing out weaknesses in it but must rely on the strength of their own title. They have made no effort to establish a superior title if indeed under the facts shown it would be possible for them to do so.

The judgment below is affirmed.

Affirmed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.