**ED HAYNES v. W. O. WOODWARD and FLORENCE BROWN**

16 So. (2nd) 736            January Term, 1944
February 18, 1944            Division A

*E. M. Knight,* for appellant.
*M. A. Wilson* and *D. C. Laird,* for appellees.

TERRELL, J.:

This appeal is from a final decree of foreclosure in favor of the Plaintiff W. O. Woodward, the appellee here. The mortgage foreclosed was executed by Florence Brown Haynes to Woodward but before it matured, the property reverted to the Trustees of the Internal Improvement Fund for non payment of State and County taxes under the Murphy Act. Ed Haynes acquired tax title from the trustees of the Internal Improvement Fund and contends that his title is superior to and vitiates Woodward's mortgage.

Appellee admits at the outset that had any other person than Ed Haynes acquired title from the trustees of the Internal Improvement Fund in the manner shown, it would have been good but that it is bad as to Haynes because of collusion on his part with Florence Brown Haynes, his wife. The property in question was a house and lot in Fort Meade, Florida, on which the Haynes were living.

In the mortgage executed by Florence Brown Haynes, she agreed to keep all taxes paid during the life of the mortgage. The evidence shows that she and Ed Haynes had lived on the mortgaged premises as man and wife for five years, that they gave the public every reason to believe they were married and that the neighbors considered them to be man and wife, that Haynes knew all about the mortgage and in fact made a number of payments on it for the mortgagor. The evidence

otherwise shows collusion on the part of Haynes and his putative wife to evade the liability on the mortgage by foisting a questionable sale and casting doubt on their marriage. The trial court held that the tax deed amounted to nothing more than payment of taxes on the theory that Haynes and his wife were to all intents the agents of Woodward.

The errors assigned and argued all relate to pleadings and procedure and do not touch the merits of the cause. We do not think they were harmful and that the judgment appealed from should be affirmed on authority of McRae v. Preston, 54 Fla. 190, 44 So. 946.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.