JUNE SAND COMPANY, a corporation of Florida, v. DEVON CORPORATION, a corporation of Florida.

23 So. (2nd) 621                                    June Term, 1945
November 2, 1945                              Special Division B

*Davis & Lockhart,* for appellant.

*Julian E. Ross,* for appellee.

*J. Tom Watson,* Attorney General, and *Lamar Warren,* Assistant Attorney General, as amicus curiae.

SEBRING, J.:

David G. Jenkins was formerly the owner of a subdivision lot in Fort Lauderdale, Florida. On June 9, 1939, the property reverted to the State of Florida for nonpayment of taxes by virtue of the provisions of Chapter 18296, Acts of 1937, sometimes known as the Murphy Law. On June 19, 1944, Julian E. Ross purchased the property at public sale from the Trustees of the Internal Improvement Fund pursuant to notice of sale duly given the former owner. On October 11, 1944, the Trustees of the Internal Improvement Fund conveyed its interest in the property to Ross, who recorded the deed in the public records of Broward County, Florida, on October 30, 1944. Thereafter, on April 26, 1945,

Ross and wife conveyed the property by quit claim deed to Devon Corporation. On the same date the corporation recorded the deed in the public records of Broward County. On March 8, 1945, David G. Jenkins, the former owner, joined by his wife, as grantors, executed a quit claim deed to the property to June Sand Company. The deed was recorded in the public records of Broward County on May 5, 1945.

On May 10, 1945, Devon Corporation instituted suit in the Circuit Court of Broward County against June Sand Company for the purpose of quieting and confirming its title as against the claim asserted by the latter arising out of the quit claim deed which it had procured from Jenkins. It is alleged in the bill of complaint, and admitted by the answer, that the land is wild, unimproved and unoccupied and not in possession of anyone; that the plaintiff has had the land surveyed and staked; that plaintiff derives its title or interest in the land from Ross who, in turn, had acquired the property from the Trustees of the Internal Improvement Fund. It is likewise admitted that the land reverted to the State of Florida under the Murphy Law; that the sale of the property by the Trustees of the Internal Improvement Fund to Ross was held pursuant to notice duly given the former owner; and that in all other respects the sale was held in accordance with law and the rules and regulations adopted by the Trustees of the Internal Improvement Fund for the sale of such property. Testimony taken before the chancellor sustained the allegations of the bill of complaint, and a final decree was entered in favor of the plaintiff. On appeal from the final decree, the defendant asks us to define the nature of the title acquired by Ross from the Trustees of the Internal Improvement Fund, and whether Devon Corporation as grantee of the title may maintain its suit against the successor in title of the former owner.

It is our view that when Jenkins allowed his property to revert to the State for nonpayment of State and County taxes under Chapter 18296, Acts of 1937, the fee simple title to the property became absolutely vested in the State. By reason of the provisions of Section 9 of the Act every right, title or interest of every kind or nature of the former owner of the

land, his privies, and private lien holders thereupon ceased, terminated and came to an end; and the right of such persons to redeem the lands or claim any interest therein by virtue of a prior title, interest or lien became extinguished. See Bice v. City of Haines City, et al., 142 Fla. 371, 195 So. 919. Thereafter the State of Florida was free to sell or otherwise dispose of such property upon terms prescribed by the legislature. By Section 9 of Chapter 18296, supra, the Trustees of the Internal Improvement Fund are designated by the legislature as the state functionaries to hold lands that have reverted to the State for nonpayment of taxes under the Murphy Law, are empowered to sell such lands to the highest and best bidder for cash "at such times and after giving such notice and according to such rules and regulations as may be fixed and adopted from time to time by said Trustees of the Internal Improvement Fund."

The sale of the lands by the Trustees of the Internal Improvement Fund to Ross was held and conducted in full accordance with the statutes, rules and regulations controlling such matters. This being true, we are of opinion that the title acquired by Ross from the State of Florida was a fee simple title to the lands sold, divested of any claim of right, title or interest of the former owner or his privies, and free from liens of private lien holders, and subject only to such liens in favor of other taxing units as existed under valid taxation statutes at the time the land became the property of the State of Florida under the Murphy Law. See Helen M. Jackson and E. J. Camit v. City of Lake Worth, a municipal corporation, et al., opinion filed October 16, 1945, and not yet reported. The deed procured by Ross from the Trustees of the Internal Improvement Fund constituted the first instrument of conveyance in a new, complete, exclusive and paramount chain of title emanating from the sovereign authority.

The final question necessary for decision concerns the right of the plaintiff to maintain a bill in equity against June Sand Company for the purpose of having its title quieted and confirmed as against the quit claim deed given by the former owner subsequent to the time that the title had passed from the Trustees of the Internal Improvement Fund to Ross. It

is urged by the defendant below that the only authority for the maintenance of such action is Chapter 21822, Acts of 1943, and that such statute is unconstitutional in that it impairs the obligation of contract and deprives an owner of his property without due process of law.

The record shows that after Ross acquired his title to the land from the State of Florida he executed a quit claim deed of his interest or title to Devon Corporation. The grantee promptly recorded the deed in the public records prior to the time that the deed from Jenkins to June Sand Company was placed of record. By the conveyance from Ross the Devon Corporation obtained a fee simple title to the lands involved; it being a well-settled rule that by the execution and delivery of a quit claim deed the grantee therein acquire such title as the grantor held at the time of the conveyance. Rabinowitz v. Houk, 100 Fla. 44, 129 So. 501. By application of the same rule to the transaction between Jenkins and wife and June Sand Company, the quit claim deed given by the grantors to the grantee conveyed absolutely nothing to the latter, so far as an interest in the property was concerned, for the deed was executed and delivered long after Jenkins had been divested of title to his property by reason of the operative provisions of the Murphy Law. However, when Jenkins gave the deed to June Sand Company and the latter procured its recordation in the public records and asserted a claim to the property by reason thereof, this Act amounted to a tangible attempt on the part of the former record owner and his subsequent grantee to assert the former record title against the new title emanating from the sovereign authority, and constituted a cloud upon the new title.

Under such situation a bill in equity may be maintained by the true owner for the purpose of removing the cloud on title. Taff v. Hodge, 132 Fla. 642, 182 So. 230; Day v. Benesh, 104 Fla. 58, 139 So. 448; Rabinowitz v. Houk, 100 Fla. 44, 129 So. 501; Jordan v. Baugher, 98 Fla. 438, 124 So. 32; Stuart v. Stephanus, 94 Fla. 1087, 114 So. 767. Section 66.11 Florida Statutes, 1941, appears to afford an ample remedy for this purpose. The statute authorizes a bill in equity to be brought and prosecuted to a final decree by any person or corporation,

whether in actual possession or not, claiming title, legal or equitable, to real estate against any person or corporation not in actual possession, who has, appears to have, or claims an adverse estate, interest, or claim, legal or equitable, therein, for the purpose of determining sueh estate, interest or claim and quieting or removing clouds from the title to such real estate. The fact that Devon Corporation was not in actual possession of the property at the time of the institution of suit will not preclude the plaintiff from having relief under this statute; it being admitted that the lands were wild, unimproved and unoccupied and not in the possession of the defendant. Taff v. Hodge, supra;. Atlantic Beach Improvement Corporation v. Hall, 143 Fla. 778, 197 So. 464; Sawyer v. Gustason, 96 Fla. 6, 118 So. 57.

The allegations of the bill of complaint filed by Devon Corporation were sufficient to authorize the plaintiff to proceed under Section 66.11 supra, without regard to other statutes which may, perhaps, afford a similar remedy. This being so, it is not necessary for us to decide whether Chapter 21822 Acts of 1943 is a constitutional enactment. Neither is it necessary for us to consider other questions. posed by the appellant.

The decree appealed from is affirmed.

It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.