HOBSON, Justice.
Appellees brought a suit to quiet title to-certain realty in Broward County, alleging that they deraigned title from a certain tax deed dated June 8, 1937, issued by the State of Florida to J. G. Schaffer and Ethel M. Schaffer, and recorded June 10, 1937. The suit was defended by Eskel Palmquist and his wife, appellants' here, w.ho by way of counterclaim alleged facts whereunder they denied the validity of the 1937 tax deed to the Schaffers and prayed that the fee-simple title be quieted in themselves. The facts so alleged and relied upon were, in essence, the following: In April, 1937, the Clerk of the Broward County Circuit Court issued to the Schaffers -a tax certificate against the property in suit for $289 in delinquent taxes, and gave notice that unless the certificate were redeeméd the property would be sold to the highest bidder on June 7, 1937. Pursuant to this notice, Eskel Palmquist appeared just before the sale and offered to pay the Clerk all sums necessary for redemption but the Clerk unlawfully refused to accept the same. In the bidding which followed, Palmquist and one Mrs. Mildred Blackmer, bidding for Palmquist, bid $770, 'but the property was struck off. to Schaffer for $775.
The cause was referred to a special master, who heard extensive testimony from witnesses including Eskel Palmquist, Mrs. Bla-ckmer and E. R. Bennett, who had been Clerk of the Circuit Court when the controverted sale took place. The master found that the téstimony of Palmquist showed that he “never at any time made a tender of the moneys to redeem the lands from the tax deed sale, either by cash or' check” and also that “Palmquist, after the property had been struck off to Schaffer,' requested the overage [i. e., the amount received from the sale less the amount of taxes and costs against the land] from the Clerk and received' the' same.” I'n summarizing the testimony of the witness Bennett, the master’s report continues:
“ * * * he [Bennett] failed to recollect any of the actual circum-. stances,involving the sale of this land as the sale', had taken place more than twelve years previously. He stated definitely, however, that neither .Mr. Palmquist nor Mrs. Blackmer, nor anyone else had made any attempt to redeem the land prior to the sale, at the time of the sale or subsequent thereto prior to the issuance of the deed; that if such an attempt had been made he *770 would have been required to accept the redemption whether tendered by cash or by check. The testimony of the witness, E. R. Bennett * * * definitely confirms in the mind of the Master that no attempt was made by Mr. Palm-quist to redeem the land before the sale, at the time of the sale, or after the sale, prior to the issuance of the deed itself, and states the policy of the office at the time, which, in my opinion, conforms to the prevailing law.”
The Chancellor confirmed the master’s report and quieted title to the property in the appellees. This appeal followed.
The formal questions which appellants desire to have resolved here are without exception predicated upon a state of facts against which the master and Chancellor expressly found. In consequence, we are confronted at the threshold with the necessity of determining whether or not these findings are supported by the record. That this inquiry must be made appears to be acknowledged by counsel for appellants, who seek to resolve it by contending that the testimony of witnesses Blackmer and Palmquist concerning the alleged offer to redeem was positive in character, and as such is entitled to prevail over the Bennett testimony, which was negative. We 'have reviewed the record at length, and find that the testimony of Blackmer and Palmquist on this issue is by no means clear and unequivocal, nor is it free from confusion. But even were their testimony, and the testimony of Bennett, susceptible of the construction sought to be placed upon it by counsel for appellants, it is fundamental that the rule of evidence invoked assumes witnesses of equal credibility. See 20 Am. Jur., Evidence, Section 1186. Appellants are therefore left with the burden of demonstrating that the arbiter of facts has not resolved this assumption against them, and this burden they have not sustained.
On the whole record, it cannot be doubted that the findings below were supported by competent, substantial evidence and that appellants have fallen far short of overcoming the effect of the tax deed from which appellees’ title is derived. See Sams v. King, 18 Fla. 557; Shomaker v. J. S. Betts Co., 64 Fla. 466, 60 So. 117; Tangeman v. Sjoblom, 100 Fla. 1059, 130 So. 603; and Sovereign Finance Co. v. Beach, Fla., 38 So.2d 831. It is therefore unnecessary to resolve the other questions presented.
Affirmed.
THOMAS, Acting Chief Justice, DREW, J., and HOLT, Associate Justice, concur.