87 So.2d 49 (1956)
Darvell NEWMONS and Susle May Newmons, his wife, Appellants,
v.
The LAKE WORTH DRAINAGE DISTRICT, for the use and benefit of Minerva G. MARTIN, Appellees.
Supreme Court of Florida. Special Division A.
February 29, 1956.
On Rehearing April 25, 1956.
*50 Potter, Langbein & Burdick, West Palm Beach, and Ronald J. Fruda, Boynton Beach, for appellants.
Warwick, Paul & Warwick, West Palm Beach, for appellees.
PER CURIAM.
Affirmed.
DREW, C.J., and TERRELL, ROBERTS and O'CONNELL, JJ., concur.
STANLY, Associate Justice, heard the argument but did not participate in the judgment.

On Petition for Rehearing
TERRELL, Justice.
This ejectment suit was instituted by appellees against appellants in 1953 to recover possession of certain lands in Palm Beach County. Defendants' answer denied the general allegations of the complaint. At the trial the court refused to submit to the jury the provisions of Section 196.06, F.S. 1953 and 1955, F.S.A., being the four-year statute of limitations under which the former owner may apply for redemption of lands sold for taxes when the tax deed holder is in possession or requires the tax deed holder to bring action to get possession within four years from the date of the tax deed when the land is in the actual adverse possession of another. The jury returned a verdict for the plaintiffs. Final judgment was entered for the plaintiffs. A new trial was denied and defendants appealed. February 29, 1956, we affirmed, per curiam, the order appealed from. We are confronted with petition for rehearing which we think should be granted because of the confusion revealed with reference to the purpose of per curiam opinions and with reference to the applicable law of the case.
In the petition for rehearing it is pointed out that per curiams "have been this court's way of disposing of cases which this court regards as involving only attempts to review disputes of fact, disputes over the exercise of trial court discretion, or disputes over obvious applications of settled rules of law."
Traditionally it may be pointed out that a "per curiam" is the opinion of the court in which the judges are all of one mind and the question involved is so clear that it is not considered necessary to elaborate it by an extended discussion. Such an opinion carries no less weight because of the nomenclature that designates it as such. 32 Words and Phrases, Per Curiam; Black's Law Dictionary; Minor v. Fike, 77 Kan. 806, 93 P. 264; Clarke v. Western Assur. Co., 146 Pa. 561, 23 A. *51 248, 15 L.R.A. 127. The attribute of a per curiam, when the "question presented is so clear that it is not considered necessary to elaborate it by extended discussion," may imply a variety of connotations. As suggested in the petition for rehearing, it may not only involve a review of questions of fact, questions that involve nothing more than the discretion of the trial court or questions that involve the application of well settled rules of law, it may be employed to dispose of cases in which we say "affirmed" or "reversed" on authority of some other decided case or cases; it may be employed to dispose of cases in which numerous questions are raised and to discuss them would require a long opinion that would serve no useful purpose. It may be employed when two or more justices have contributed to answering the points raised and all others agree. It may be employed to dispose of cases in which anything written on the points raised would add nothing to the law. In fine, there is no limit to the grounds that may prompt a per curiam opinion.
The real point for determination in this case is whether or not a deed executed by the Trustees of the Internal Improvement Fund, pursuant to Section 192.38, F.S. 1953 and 1955, F.S.A., is subject to the limitations imposed for recovery of lands in possession of a tax deed holder set out in F.S. § 196.06, F.S.A., supra, which requires suit to be brought within four years from date of the tax deed on which title is predicated.
Appellants contend that this question requires an affirmative answer and rely on Deas v. Turner, Fla., 56 So.2d 337; Haynes v. Woodward, 154 Fla. 111, 16 So.2d 736; Andrews v. Andrews, 155 Fla. 654, 21 So.2d 205; Crompton v. Kirkland, 157 Fla. 89, 24 So.2d 902; Palmquist v. Johnson, Fla., 41 So.2d 313, and others to support their contention. Appellees contend on the other hand that the question should be answered in the negative and rely on June Sand Co. v. Devon Corp., 156 Fla. 519, 23 So.2d 621, and similar cases to support their contention. The confusion appears to have grown out of the interpretation and scope given Sections 192.38 and 196.06, supra, and Chapter 194, F.S. 1953 and 1955, F.S.A. In our view Chapter 194 defines the law governing the sale, issuance of certificates and redemption of lands sold for nonpayment of taxes. The limitations for recovery of lands in possession of a tax deed holder as defined by F.S. § 196.06, F.S.A., supra, applies only to lands sold for nonpayment of taxes in the manner provided by F.S. Chapter 194, F.S.A., supra.
This must be true because F.S. § 192.38, F.S.A., supra, being a portion of Chapter 18296, Acts of 1937, sometime known as the Murphy Act, provides a very different means for selling and redeeming lands for nonpayment of taxes from that authorized by F.S. Chapter 194, F.S.A., supra. Under Section 192.38, Murphy Act lands sold and certificated to the state for nonpayment of taxes become the property of the state at the expiration of two years from passage of said act, the state becomes the holder of the fee simple title and every "right, title or interest of every nature or kind whatsoever of the former owner of said property, or anyone claiming by, through or under him, or anyone holding a lien thereon, ceased, terminated and ended and the state through the trustees of the internal improvement fund may sell or lease said lands to the highest and best bidder for cash at such time and after such notice and according to such rules and regulations as have or may be fixed and adopted from time to time by said trustees of the internal improvement fund."
It is true that said Section 192.38 imposes other limitations on sale of said lands; the trustees of the Internal Improvement Fund may convey them to agencies of the United States, they may convey easements to railroad companies, power companies, withdraw them from sale, control and manage them and provide a procedure for selling them to the former owner as of June 9, 1939, the date said lands became absolutely vested in the state, "upon such terms and conditions and for such *52 consideration as to said trustees shall seem equitable and proper." No publication or notice of such sale is required. The proceeds derived from them shall be distributed in the same manner that the proceeds of other sales are made under F.S. § 192.38, F.S.A., supra. From a study of these and other provisions of Section 192.38, we are driven to the conclusion that it provides an entirely different method for the sale and disposition of lands certified to the state for the nonpayment of taxes and being so, such sales are in no wise influenced or affected by F.S. § 196.06, F.S.A., supra. The trial court properly refused consideration of said statute.
It is true that the state acquired title to lands under the Murphy Act for nonpayment of taxes and there are statements in the cited cases relied on by appellants that use the term "tax deed," in treating them but that is in no sense conclusive or even persuasive of the answer to the question raised here. It is a matter of common knowledge that the real purpose of the Murphy Act was to restore large acreages of land to the tax rolls that had passed to the state for nonpayment of taxes, and the means provided to secure this result was a new and different means from any heretofore tried. Under the Murphy Act the sale to appellee vested an absolute and indefeasible title as of June 9, 1939. It was not based on tax title or certificate as contemplated by F.S. § 196.06, F.S.A., supra. June Sand Co. v. Devon Corp., supra.
In Milton v. Danford, 100 Fla. 761, 130 So. 435, 71 A.L.R. 586, Palmquist v. Johnson, supra, and other cases relied on by appellants, the deeds relied on were deeds issued by the Clerk of the Circuit Court on application of the tax certificate holder. They were subject to the provisions of Section 196.06. In view of the provisions of F.S. § 192.38, F.S.A., supra, and the recitations in the deed issued by the Trustees of Internal Improvement Fund to appellees, the said deed has none of the indicia of a tax deed subject to the provisions of F.S. § 196.06, F.S.A., supra. The fee title to the property was in the state, all liens against it were extinguished, a valuable consideration was paid for it and the Circuit Court repeatedly held the deed not to be a tax deed.
The petition for rehearing is accordingly granted and our former judgment of affirmance is adhered to.
DREW, C.J., and ROBERTS and O'CONNELL, JJ., concur.