MARY E. CARNCROSS, APPELLANT, VS. HOWELL T. LYKES, EXECUTOR, APPELLEE.

1. Section 20, Chapter 1887, Acts of 1872, which provides that a former owner or claimant of land sold for taxes shall not bring suit after the expiration of one year from the recording the tax deed to "set aside a deed made in pursuance of any sale of lands for taxes," or "against the grantee in such deed to recover possession of said lands," does not prevent a suit by such former owner or claimant, after the lapse of a year, for the recovery of lands in a case where the calls in the deed of the clerk are *materially different* from the lands described on the assessment roll, and sold by the collector.

2. In such a case the deed of the clerk is not "a deed made in pursuance of a sale of lands for taxes," nor is a suit against the grantee a suit to recover possession of lands sold for taxes.

3. Where the assessment roll described the land as "blocks 10, 12, 13 and 16," a deed made by the clerk to "blocks 10, 12 and 13 *in*

*the town of Tampa, and according to the general map of said town,"* is not a deed made in pursuance of a sale of land for taxes, and is void.

Appeal from the Circuit Court for Hillsborough county.

The facts of the case are stated in the opinion.

*S. B. Turman* for Appellant.

*J. B. Wall* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

Mary E. Carncross brought an action of ejectment in the Circuit Court of Hillsborough county against Howell T. Lykes, as executor of James E. Lipscomb, for the recovery of Lot No. 4, in Block No. 10, in the town of Tampa. She introduced in evidence a patent from the United States to the County Commissioners of Hillsborough county for a forty acre tract of land in said county, and also a deed from said Commissioners to herself of the tract sued for, which was a part of the land included in the patent from the United States.

The defendant introduced in evidence a tax deed executed by W. F. White, County Clerk of said county, in accordance with the form prescribed in sec. 20, chap. 1887, acts of 1872, " for blocks 10, 12 and 13, *in the town of Tampa, and according to the general map of said town.*" The deed was made May 4th, 1874, and purported to have been made in pursuance of a sale made by the Revenue Collector of said county on the same day for the non-payment of the taxes levied and assessed thereon for the year 1873. In the progress of the trial the plaintiff offered to introduce in evidence the assessment roll for the year 1873, but the court refused to allow the introduction of it in evidence.

The plaintiff also offered to prove that the Revenue Col-

lector did not give notice of the sale of the property in question, and that there was a variance between the property described in the clerk's deed and the property described on the assessment roll, and that there was no notice of the time and place of sale recorded in the clerk's office, and that the clerk's deed was not legally acknowledged when the same was put on record, all of which the court refused to permit to go to the jury.

The court charged the jury as follows: "No suit or proceeding shall be commenced by a former owner or claimant, his heirs or assigns, or his or their legal representatives, to set aside any deed made in pursuance of any sale of lands for taxes, or against the grantee in such deed, his heirs or assigns, or legal representatives, to recover the possession of said lands, unless such suit or proceedings be commenced within one year after the recording of such deed in the county where the lands lie, except upon the grounds that the said lands were not subject to taxation or that the taxes were paid or tendered, together with the expenses chargeable thereon before sale, and the recording of such deed shall be deemed such assertion of title or such entry into possession by the grantee, his heirs or assigns, as to authorize such suit or proceedings against him or them as for an actual entry; *Provided*, That infants, persons of unsound mind, or under guardianship, or imprisoned, may commence such suit or proceedings within one year after such disability shall cease."

The charge is the same as sec. 20, chap. 1887, Laws of 1872.

The transcript of the assessment roll which plaintiff offered to introduce in evidence was substantially as follows: "Names of Tax Payers," "Agt. Est. Carncross," "Description of Lands," "Block 10, 12, 13 and 16," "Val-

uation of Town or City Lots," " 400," and in subsequent columns the respective amounts of taxes in figures.

It will be seen from the statute that the former owner is barred of the right to sue for his property after one year from the recording the tax deed, except in the following cases, to wit: that the land was not subject to taxation, or that the taxes and charges were paid or tendered before sale. There are many cases reported as to the necessity of a correct description of the land in the assessment roll and they hold almost uniformly that the want of it will vitiate the entire proceedings, but the case here is one of description, or rather no description, for it locates nothing in the assessment roll, and there is another description in the clerk's deed which locates it. The assessment roll reads, " Blocks 10, 12, 13 and 16." The deed reads, " Blocks 10, 12 and 13, *in the town of Tampa and according to the general map of said town.*" The assessment, the sale and execution of the deed are separate acts of three officers: The Assessor who places the description on the assessment roll; the Revenue Collector who sells the property, and we must presume that he sells the property described in the assessment roll, and no other; and the Clerk who makes the deed.

The act provides in section 3: The said assessor shall make out a duplicate copy of said assessment roll and deliver the same to the Collector of Revenue of his county. Section 7 provides that " if the taxes upon any lands are not paid by the 1st of December, of any year, the Collector shall advertise and sell the same. He shall make out a statement of all such lands, upon which taxes shall remain due and unpaid." Sec. 11, that at the sale aforesaid he shall give to the purchaser a certificate describing the lands * *. After the expiration of the time allowed for redemption, the holder of this certificate is authorized to receive from the clerk a deed to the land.

In Blackwell on Tax Titles, the rule is thus laid down: " The sale must be according to the parcels and description contained in the list, and the other proceedings, or it cannot be sustained," page 309, section 9. Again, " especially must it conform to the list, as that constitutes the basis of all the subsequent proceedings. The course pursued must be consistent with itself throughout the entire proceeding. Any variance in this respect will be fatal to the validity of the sale." Ibid.

The description of the land on the assessment roll is an important element in the purchaser's title, and it must be sold by the collector and deeded by the clerk in accordance with such description. We hold that the land deeded by the clerk to Lipscomb was never assessed by the Assessor of Hillsborough county for the year 1873, or sold by the Collector.

The statute was intended to prevent, after the lapse of a year, suits by the former owner for the recovery of land upon technical grounds, for informalities and irregularities in the proceedings. It contemplated that the deed of the clerk alluded to would be to the lands assessed and none other.

The clerk can only make a deed to the lands sold by the collector.

The collector can only sell the lands as described on the assessment roll.

The lands on the assessment roll, which we are bound to presume were the lands sold, are " blocks 10, 12, 13 and 16." The deed is to " blocks 10, 12 and 13 *in the town of Tampa, and according to the general map of said town.*" Sec. 20, above, only extends its protection to the lands assessed because if other lands, or lands differing materially in description are deeded by the clerk, the deed " is not a deed made in pursuance of a sale of lands for taxes," nor

is a suit for the recovery of possession thereof a suit for lands sold for taxes.

Judgment reversed and cause remanded.