J. N. SADDLER, E. E. SADDLER, R. H. SADDLER, R. P. SADDLER, N. J. WILLIAMS, AND JOHN H. WILLIAMS, HER HUSBAND, HEIRS AT LAW OF R. SADDLER, DECEASED, F. F. MELTON, D. G. MALLOY, J. H. MALLOY, F. M. SMITH, AND J. B. SMITH, PARTNERS TRADING AND DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF MALLOY BROS. AND SMITH, AND J. F. FENDER, THE INTERSTATE LUMBER COMPANY, A CORPORATION UNDER THE LAWS OF GEORGIA, *Appellants,* v. REDDIN SMITH, *Appellee.*

1.  While the words *et al.* are incapable of standing in the place of the names of parties required by law to be stated in a subpoena or writ of error, they may be used in indorsing the title of the cause on the copy of subpoena, when there is no statute or rule requiring the names of the parties to be indorsed thereon.

2.  The special statute of limitations as provided by section 400 of the revised statutes of 1892, or section 591 of the general statutes of 1906, will not apply to a suit to set aside a tax deed, where the calls in the deed are materially different from the lands described on the assessment roll and sold by the collector.

This case was decided by Division B.

Appeal from the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*Davis & Sandford,* for appellants;

*Hendry & McKinnon,* for appellee.

PARKHILL, J.—On the 26th day of July, appellee, who will be called the complainant, filed his bill of com-

plaint in the circuit court for Taylor county, against appellants, except the Interstate Lumber Company, to set aside certain deeds and leases as clouds upon his title to certain land in said county.

On the 3rd day of September, the defendants entered a special appearance and filed a motion to set aside, quash and vacate the subpoena, the service thereof and the return thereon. This motion was overruled.

On the 15th day of February, 1907, complainant filed an amended bill. A demurrer to this bill was overruled on the 11th day of May, and from this order defendants appealed.

The first assignment of error is based on the action of the court in overruling the motion to quash and set aside the subpoena, its service and the return thereon. The only ground of this motion argued is the first, "Because said subpoena in chancery does not have the title of the cause indorsed thereon as required by law, neither did the copy of subpoena served on these defendants have the title of the cause indorsed thereon."

The objection that the title of this cause is not indorsed upon the subpoena is not argued and will be considered as abandoned. The copy of the subpoena served upon the defendants has the following indorsements: "In the Circuit Court, Third Judicial Circuit of Florida. Taylor County. In Chancery. Redden Smith v. D. G. Malloy, J. H. Malloy *et al.* Copy of subpoena. To 1st Monday in September, 1906. Hendry & McKinnon, Complainant's Solicitor."

It is argued, that this indorsement does not comply with the provisions of Section 1865 of the General Statutes of 1906, which was 1412 of the Revised Statutes of 1892, as follows: "Personal service of process and of orders and decrees in chancery, to be made upon parties to be served natural or corporate, shall be gov-

erned by the provisions of law applicable to the service of a writ of summons *ad respondendum*. The copy served shall have endorsed thereon the name of the court from which the subpoena issued, *the title of the cause,* the words, "copy of subpoena and the name of the complainant's solicitor." It is insisted that the title of the cause is not indorsed upon the copy served, because the abbreviations *et al.* are employed to designate some of the parties defendant.

The words *et al.* are in common and every day use in style of cases and entries on the minutes and docket of courts, and are known to mean "and another, and others" as the case may be. Renkert v. Elliott, 11 Lea (Tenn.) 235, text 242. The statute only requires the *title of the cause* to be indorsed on the *copy* served. The statute does not require the *names* of the *parties* to be indorsed on the copy of the subpoena. The names of all the defendants are set out in the *body* of the subpoena and in the copy also. Where there are several parties defendant it would not be sufficient to give the name of one · defendant *in the body* of the subpoena or copy, followed by the words et al. Lyman v. Milton, 44 Cal. 630. And so we have held that in a writ of error or appeal, all parties thereto must be named and cannot be included in the words *et al.* State *ex rel.* Andreu v. Canfield, 40 Fla. 36, 23 South. Rep. 591; Continental Nat. Building & Loan Ass'n v. Miller, 41 Fla. 418, 26 South. Rep. 725; See also 16 Cyc. 815. While the words *et al.* are incapable of standing in the place of the names of parties required by law to be stated in a subpoena or writ of error, they may be used in indorsing the title of the cause on the copy of subpoena when there is no statute or rule requiring the *names* of the *parties* to be indorsed thereon. The words *et al.,* in many instances, are used in stating the title of causes, illustrat-

43—Vol. 54

ing the every day use of these words for this purpose. The title of this cause on our own docket here appears as J. N. Saddler *et al.* v. Redden Smith.

The motion to quash the service was properly overruled.

On the 15th day of February, A. D. 1907, the complainant filed his amended bill of complaint, making the Interstate Lumber Company, a corporation, a party defendant.

The amended bill alleges that the complainant is the owner in fee simple and in possession of the following described lands situate in Taylor county, Florida, ·to-wit: East half of southwest quarter of section four township six (6) south range seven (7) east, and sets up as a cloud upon his title to this land, certain deeds and leases to defendants of the said described land, said deeds and leases to defendants all being based upon a certain tax deed. The bill and the copy of the tax deed annexed thereto show that the land sought to be conveyed by the tax deed is the east half of the *south quarter* of section four in township six south of range seven east. The deed was executed on the 6th day of May, 1890, and shows that the sale was made on the 1st day of April, 1889, for the taxes of 1888. The bill alleges that the pretended tax deed is a nullity, among other reasons, because it is vague and uncertain, and fails to describe any known lot of land. The defendant demurred to the bill. The only ground of demurrer argued, is that the bill shows that the statute of limitations has run against complainant, and plaintiffs in error claim that, as more than sixteen years have elapsed between the date of the tax deed and the filing of the bill of complaint, this suit or proceeding is barred by the four years special statute of limitations, section 400 of the Revised Statutes of 1892.

Passing by the question whether this statute of limitations applies to an action to remove a cloud, we think that neither section 400 of the Revised Statutes of 1892, nor the one that succeeded it, section 591 of the General Statutes of 1906, will apply to a suit to set aside the tax deed involved here, because this deed is void. McKeown v. Collins, 38 Fla. 276, 21 South. Rep. 103. The land sold for taxes is shown by the bill of complaint to have been described in the assessment roll as the e½ of sw¼ of section four, without any designation of its township and range. The description of this land, in the tax deed is the east half of the *south quarter* of section four *in township six south, range seven east.* The calls in the deed are materially different from the lands described on the assessment roll and sold by the collector, and the special statute of limitations does not apply where this is the case. Carncross v. Lykes, 22 Fla. 587.

It is contended that the tax deed is void because the description of the land is vague and uncertain and insufficient to identify any known lot of land. This contention would be correct, if the government surveys control, for there are two south quarters in a section, and the description of the land as we find it in the tax deed does not designate whether the quarter conveyed is the southeast or the southwest quarter. But in Stewart v. Mathews, this court held that a conveyance of the "south one fourth of the southeast quarter of a section is not void for uncertainty of description." Even if we apply this doctrine and hold that the section was divided into four equal parts running all the way across the section from east to west, the description of the land in the tax deed would not include the land of the complainant herein; for the east half of the south one-fourth of section four would be the south half of the southeast quarter

of section four according to the government survey, and the land of the complainant is the east half of the southwest quarter of section four.

The demurrer to the bill was properly overruled and the order thereon is affirmed.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.