FANNIE R. JOHNSTON, *Appellant,* v. ELLSWORTH TRUST COMPANY, *Appellee.*

Section 60, Chapter 3681, Acts of 1887, which provides that no suit or proceeding shall be commenced by a former owner or occupant &c., to recover the possession of lands sold for taxes unless commenced within four years after the date of sale, does not embrace a suit to set aside a tax deed as a cloud on the title of the owner, who has all the time remained in the possession of the land embraced in the tax deed.

Appealed from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*Hampton & Hampton,* for Appellant;

*W. S. Broome,* for Appellee.

HOCKER, J.—Fannie R. Johnston, the appellant, in August, 1910, filed her bill in the Circuit Court of Alachua County against appellee, the Ellsworth Trust Company,

a corporation organized under the laws of the State of Iowa, and the Camp Phosphate Company, a corporation, alleging that she was the bona fide owner in fee simple of certain lands situated in Alachua county; that she was in possession of the same, having a part of said property under a substantial fence, and otherwise exercising ownership and possession of the balance of said land by leasing the same for turpentine purposes, and by using the timber thereon for fuel and fencing; that she and her grantor have continuously owned and possessed said property for a great many years, and that she obtained her title as widow and heir at law of B. Kincaid, deceased, and by deed of conveyance from C. E. Johnston; that in 1888, while she was in possession of W½ of NW¼ of NE¼, E½ of NE¼ of NE¼, S½ of NE¼ of NW¼, of SE¼, and E½ of SE¼, Section Ten (10), Tp. Ten. (10), S. R. 20 East, the assessor of revenue for Alachua county attempted to assess, and did wrongfully and unlawfully assess, said property, along with other property, as *unknown;* and that thereafter the collector of revenue of said county on the 2nd of September, 1889, sold said property and issued therefor to the State of Florida, the purchaser thereof, certificate No. 774, and thereafter the State assigned said certificate to E. S. Ellsworth, and predicated on said certificate the Clerk of the Circuit Court of Alachua County on the 6th day of November, 1890, made a tax deed to E. S. Ellsworth, conveying to him the W½ of NE¼ of NE¼, the E½ of NW¼ of NE¼, the S½ of the NE¼, the NW¼ of SE¼ and E½ of SE¼, Section 10, Tp. 10, S. R. 20 East, together with other lands described therein, which deed was recorded on the 6th day of November, 1890, on the public records of Alachua county in Tax Title Book B. p. 684. It is alleged in the bill that in 1889, while oratrix was in the adverse possession of

E½ of NW¼ of NE¼, W½ of NE¼ of NE¼ and S½ of NE¼, Section 10, Tp. 10, S. R. 20 East, the assessor of Alachua county wrongfully assessed said land along with other property as *unknown,* and the collector thereafter sold same on 7th of July, 1890, issued to the State, the purchaser, certificate No. 664, which the State thereafter assigned to E. S. Ellsworth, and that predicated upon said certificate, the Clerk of the Circuit Court on the 11th day of July, 1891, executed a tax deed of said land, with other land, to E. S. Ellsworth, which deed was recorded on said day in Tax Title Book "B" at page 759, records of Alachua County. It is also alleged that the same property was in the same way illegally assessed and sold for taxes in 1890, and certificate No. 241 was issued to E. S. Ellsworth. It is alleged that on the 25th of June, 1891, Ellsworth conveyed the said property, together with other property, to John C. Amendt, by deed recorded in Deed Book No. 35, p. 310, records of Alachua County; and that Amendt and wife conveyed said property by quit-claim deed to the Ellsworth Trust Company, which deed is recorded in Deed Book 38, p. 327, records of Alachua county.

The bill alleges a similar illegal assessment of a part of the land described in the bill for 1890, and sale thereof on the 7th of September, 1891, but that matter is not now before this court.

The bill further alleges several other matters as to the illegality of the assessment and sale in September, 1889, of lands embraced in Certificate No. 774, and as to the sale on the 7th of July, 1890, lands embraced in Certificate No. 644, and as to the sale in 1891, Certificate No. 241, which need not at this time be discussed. The bill alleges that at the time these various sales and conveyances were made the oratrix was in adverse possession of the

land attempted to be conveyed; that neither Ellsworth, Amendt, the Ellsworth Trust Company, D. F. Graham, W. N. Camp, The Camp Phosphate Company have ever been in possession of said property, nor have they instituted suit to acquire possession, as required by statute, and that therefore the tax deeds are void as to oratrix and her grantor. The bill prays, among other things, that these several conveyances may be declared to be clouds upon the title of oratrix, and her title quieted, and for general relief.

On the 6th of February, 1911, the Ellsworth Trust Company filed the following plea to the bill of complaint:

"This defendant by protestation not confessing or acknowledging all or any of the matters and things in the complainant's bill mentioned, to be true, in such manner and form as the same are therein and thereby set forth, and alleged, does plead thereunto and for plea says: First, that the complainant's cause of action in the above suit did not accrue within four years of the filing of the bill of complaint herein; second, that complainant's cause of action in the above suit did not accrue within seven years of the filing of her bill of complaint herein; third, that the complainant's right to maintain her suit in this cause is barred by the statute of limitations of the State of Florida. All of which matters and things this defendant avers to be true and pleads the same to the whole of the said bill wherein the same relates to this defendant, etc. By leave of court the defendant afterwards withdrew the second and third pleas. The first plea was then set down for argument, and upon the hearing the Circuit Judge made a decree holding the plea to be sufficient, which decree was recorded. The complainant filed a petition for a rehearing, which was denied on the 10th of November, 1911. On the 6th of

November, 1911, a decree *pro confesso* was entered against the Camp Phosphate Company. The case is here on appeal from the decree holding the first plea sufficient, and also from the order denying the petition for a rehearing.

The appellee's solicitor, in his brief, bases his whole argument and rests his contention in support of the decrees below, upon the provisions of Section 60 of Chapter 3681, Acts of 1887, which section is as follows: "No suit or proceeding shall be commenced by a former owner or claimant, his heirs or assigns, or his or their legal representatives, to set aside any deed made in pursuance of any sale of land for taxes, or against the grantee in such deed, his heirs or assigns or legal representatives, *to recover the possession of said lands,* unless such suit or proceeding be commenced within four years after date of such sale; Provided," etc. The proviso has no bearing on this case. There are several objections made by the appellant to the applicability of this section to the facts of this case. We think, however, it is only necessary to consider one of them. It seems to us to be plain, after a careful consideration of the whole section in the light of the principles of the organic law, that it does not embrace a suit to set aside a tax deed as a cloud upon the title of the owner, who has all the time remained in actual possession of the land embraced in the tax deed.

The bill in the instant case alleges facts, which, if true, render the tax titles of the appellee void. Under the circumstances stated in the bill, where the owner and her grantor have been in possession of the property for many years—embracing a period going back of the date of the tax sales and deeds, if the legislature were to attempt by a short limitation period to cut of all rights of the owner who remains in possession, in favor of the holder

of a void tax title who has not had possession, it would probably be unconstitutional. See the discussion of this question in sections 895 and 945 of 2 Black on Tax Titles (5th ed.). See also Sadler v. Smith, 54 Fla. 671, text 675, 45 South. Rep. 718; and McKeown v. Collins, 38 Fla. 276, 21 South. Rep. 103.

The decrees appealed from are reversed, at the cost of appellee.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD and COCK-RELL, J. J., concur.