EUGENE R. ALBURY, *Appellant,* v. J. H. DRUMMOND AND LYDIA E. WARE, *Appellees.*

Division B.

Opinion Filed February 14, 1928.

*James N. Daniel* and *H. H. Wells*, Attorneys for Appellant;

*Carter & Yonge*, Attorneys for Appellees.

BUFORD, J.—In this case bill of complaint was filed conforming to the provisions of Chapter 11383, Acts of Extraordinary Session, 1925. The bill alleged that the complainant was in actual possession of all of the land involved in the suit.

The answer of the defendant alleges that the complainant was not in possession of said property and alleges that the defendant at the time of the institution of the suit was in actual possession of all of said premises, except the small portion of one of the lots occupied by a certain small house, which was referred to in the pleadings.

Application was made for the appointment of a special master or examiner and upon the application being presented, the court made the following order:

"This cause came on to be heard upon application of

the complainant for the appointment of a special master or special examiner to take the testimony, and it appearing from the answer and additional answer of the defendant, J. H. Drummond, that he claims to be and to have been at the time of the filing of the bill of complaint in possession of the property in controversy, and the court being advised of its opinion that under such circumstances the cause should be docketed on the law side of this court:

"IT IS THEREFORE ORDERED AND DECREED that the appointment of such special master or special examiner be and the same is hereby denied, and the complainant and the said defendant are required to make up an issue in ejectment to be tried by a jury, and the complainant will be required to file his declaration within twenty days and the defendant his pleas within fifteen days thereafter, in order that such issue in ejectment be made up to be tried by a jury at the next regular term of this court.

"At Marianna, in Jackson County, in said Circuit, this July 31st, A. D. 1926."

As we construe Section 1 of Chapter 11383, *supra,* this order was prematurely made and might be found to be unwarranted. That portion of the Act under which this order was made reads as follows:

"Provided, however, that if the defendant or any of them in such case is in the actual possession of any part of the land involved in such suit, a trial by a jury may be demanded by either party, whereupon the court shall order said cause to be docketed on the law side of the said court, and at the next regular term thereof shall cause an issue in ejectment to be made up and tried by a jury as to any lands claimed to be in the actual possession of the defendant, or either of them. But this provision for a trial by a jury shall not affect the proceedings as to any

lands involved in such suit as are not claimed to be in the actual possession of the defendant the court in equity may proceed to a final decree without awaiting the determination of the issue in ejectment herein above mentioned.''

It will be observed that the first sentence of the above quotation provides for trial by jury only in the event that a defendant in the case is in the actual possession of any part of the land involved in such suit. Therefore, it necessarily follows that it must first be determined by the chanceller upon proper proof whether or not a defendant in the cause is in actual possession of any part of the property before a trial by jury is awarded and then the trial by a jury is made to apply only to that part of the land involved which is in the possesssion of a defendant, or defendants. The statute plainly contemplates that the court shall proceed to adjudication and decree in chancery in the suit pending as to any lands in controversy which are not found to be in possession of a defendant or defendants.

It is true that the language used in this section of the statute referred to is somewhat confusing in that it first provides ''that if the defendant or any of them in such case is in actual possession of any part of the land involved in such suit a trial by a jury may be demanded by either party.'' And later, this section provides that the court ''shall cause an issue in ejectment to be made up and tried by a jury as to any lands *claimed* to be in actual possession of the defendant, or either of them.'' Our conclusion is that there must first be a finding by the court that the land or some particular part of it is in the possession of one or more of the defendants and, upon this being determined by the court, then either party may demand a jury trial as to that portion of the land so in possession of one or more of the defendants, and upon such demand being made, the court should make such order as is necessary to accomplish that end, but if no demand is made by

either party for a jury trial, then the right to trial by jury will be deemed to have been waived and the chancellor shall proceed to final decree as to all the property involved in the suit and in any event should proceed to final decree as to any lands involved in the suit not found by him to be in possession of one or more of the defendants.

The record does not show that either party demanded a trial by jury. Therefore, the order appealed from was without proper foundation. The order of the chancellor should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.