ARTHUR WOODMAN, *Appellant*, vs. MAGGIE JONES and GRACIE JONES, *Appellees*.

Division A.

Opinion filed April 14, 1931.

*Beall & Farish*, for Appellants;

*B. G. Adcock*, for Appellees.

BUFORD, C. J.—This was a suit by the alleged owner of

certain real estate to quiet title. Arthur Woodman, the appellant, complainant in the court below, claimed the fee simple title to the land under a quit claim deed to him from one I. Otto and Warren Otto, her husband, I. Otto claiming under a tax deed made by Fred E. Fenno, Clerk of the Circuit Court of Palm Beach County.

Demurrer was sustained to the bill of complaint. From this order appeal was taken.

In Stuart vs. Stephanus, 94 Fla. 1087, 114 Sou. 767, this Court held:

"In the present state of our law, a bill in equity can not be maintained for the sole purpose of declaring the validity of a tax deed by quieting the tax title against the former record title upon the theory that the mere existence of the latter casts a cloud upon the former, where there has been no attempt subsequent to the issuance of the tax deed to assert the record title.

Although, under Chapter 7857, Laws of 1919, a court of equity may be authorized to construe a tax deed under which complainant claims as grantee and declare his rights thereunder based upon that construction, that statute does not contemplate that the court shall explore the procedure antecedent to the tax deed for the purpose of pronouncing a decree declaratory of the validity of such deed as against imperfections in the antecedent procedure."

See also Cook et al. vs. Pontious, 98 Fla. 373, 123 Sou. 765, and cases there cited.

The bill of complaint in this case falls clearly within the purview of the enunciation of this Court in Stuart vs. Stephanus, supra.

The order appealed from should be affirmed with directions that the bill of complaint be dismissed. It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.