HOMER A. DAY, *Appellant,* vs. LOUIS W. BENESH and FRANCES BENESH, his wife, *Appellees.*

139 So. 448.

En Banc.

Opinion filed January 19, 1932.

Petition for rehearing denied March 8, 1932.

60

*Kearley, Fisher, Van Metre & Chapman,* West Palm Beach, Florida, for the Appellant;

*John Ziegler,* West Palm Beach, Florida, for the Appellees.

ANDREWS, Commissioner.—This cause is here for review upon appeal from a decree of the Circuit Court of Palm Beach County (1) dismissing the Appellant's bill to quiet title and (2) rendering a decree in favor of appellee,

pursuant to his answer praying for affirmative relief, cancelling the deed of appellant and quieting the title in favor of appellee.

The facts in the case are practically undisputed. It appears that appellee Benesh was the owner of the fee simple title to the property in question at the time a tax deed was issued by the State to one Harry Seemiller on July 16, 1921, based upon a tax levy for the year 1915 and a tax sale made on August 7, 1916, wherein the tax certificate was issued to the State. It further is shown that on September 14, 1921, Seemiller and wife conveyed the property by warranty deed to William T. Walker, and Walker and wife on March 29, 1923, conveyed it to Homer C. Day, appellant herein. It is admitted that Benesh was never in possession of the property.

The final result of the suit was that the chancellor cancelled the tax deed, quieted the title as against complainant Day and awarded possession to defendant Benesh upon the ground as stated in the decree that the tax deed was "null and void."

From this decree appeal was taken to this court and the main questions presented are: (1) whether or not the tax deed issued to Harry Seemiller is void on its face, and if not (2) does adverse possession for four years by the holder of a warranty deed based upon a tax deed not void on its face, furnish a defense to the holder, as against a record title holder who has never been in possession, under Section 794, R. G. S. of 1920 (Sec. 1020 C. G. L. 1927)?

We will first consider whether the tax deed is void on its face, as contended by appellee, by reason of defective description. The land is described in the tax deed issued July 16, 1921, as follows:

"situated and being in the county and state aforesaid, and described as Lot 10, Block 207 Lake Worth containing —— acres more or less." The former parts of

the deed describes the lot as being in Palm Beach County and State of Florida.

The tax sale certified to the State Treasurer, dated August 7, 1928, describes the lot in substance as in above deed; and in the deed from Seemiller and wife to William T. Walker, under date of September 14, 1921, the property is described as follows:

"Lot 10 Block 207 in the Townsite of Lucerne, according to the Palm Beach Farms Company plat No. 2, pages 29 to 40, in the office of the Clerk of the Circuit Court of Palm Beach County, Florida. The Townsite of Lucerne is now known as Lake Worth."

The deed from Walker and wife to Complainant Day uses in substance the above description. By stipulation (p. 42 Record) between the parties to this suit it is agreed that prior to the issuance of the tax deed by the State to Harry Seemiller on July 16, 1921, "the fee simple title to the real estate described in complainant's bill of complaint and defendant's answer was vested in the defendant, Louis W. Benesh."

Both the bill and answer describe the property as:

"Lot ten (10) in Block two hundred and seven (207) of the Townsite of Lucerne (now known as Lake Worth) according to plat thereof on file in the office of the Clerk of the Circuit Court," etc.

The decree of the chancellor describes the property as above described in the bill and answer, and decrees that the said tax deed issued by the State to Harry Seemiller, under which complainant Day and his immediate predecessors in title hold, to be "null and void," and cancels it of record. The decree does not state any specific ground for holding it null and void, but appellee contends that the deed is "void on its face" because it fails to describe the property, the only description being "Lot ten, Block 207 Lake Worth" in Palm Beach County, Florida.

This Court said in the case of Jarral v. McRanie, 65 Fla. 141, 61 So. 240, that,

"The description of property in a tax deed must be certain in itself, or at least capable of being made certain by matters referred to in the deed itself relating to the description; and evidence aliunde not referring to the deed, cannot be used to ascertain the land intended to be conveyed."

In the above case, (also the case of Saddler v. Smith, 54 Fla. 671, 45 So. 718,) there was involved tax deeds which so imperfectly described the land that they were declared void on their face, and it was held that the four-year adverse possession under a tax title provided by the statute did not apply.

The general rule is that a deed is not void for uncertainty (1) if the description is such as will enable a surveyor to ascertain and locate the land (Boley v. McMillan, 66 Fla. 159, 63 So. 703), or (2) if it is possible to ascertain and identify the land intended to be conveyed. Ansley v. Graham, 73 Fla. 388, 74 So. 505.

There is no reference in the tax deed to any recorded map or plat, but the description does indicate that the land is included in a survey as it is designated as "Lot 10 Block 207, Lake Worth" in Palm Beach County, Florida, and the same as the former townsite of Lucerne. There can be no question that the four-year statute of limitation would not preclude the bringing of a suit to set aside a tax deed where the description of the property in the deed is *different* and not the land described on the assessment roll. (Saddler v. Smith, supra), but that does not appear to be the case here.

As a matter of general knowledge assessment rolls carry a more or less abbreviated description of lands and usually without reference to book or page of recorded plats or surveys which, however, when given, becomes a part of the legal description. If the former Townsite of Lucerne had been changed to Lake Worth at the time the assessment was made and tax deed issued and no change was

made then in the lot and block numbers, we cannot see why a competent surveyor would have any trouble or difficulty in locating this particular property, unless there is more than one town or city of Lake Worth in Palm Beach County. See 18 C. J. 180-181, citing Florida laws.

We may assume therefore that the chancellor must have held that the tax deed of Seemiller was null and void for some other reason than that it was void on its face for indefinite description of property.

In considering the issues in this appeal it must be noted that Section 1020 C. G. L. 1927, does not provide that the four years' possession under a tax deed would vest a fee simple title in the holder but rather that the four year actual possession establishes a defense against any suit for a recovery of possession by the former owner or other adverse claimant.

Whether or not the tax deed was held to be void by reason of its being based upon an erroneous assessment or because of a fatal variance between the assessment roll and the tax deed is not argued or insisted upon in briefs before us, and we have not discovered anything in the record that indicates such voidness even though there are shown some discrepancies. Appellee appears to rely mainly upon the assumption that the tax deed is void upon its face, which is not borne out by the record before us.

Under Section 4389 C. G. L. 1927 (Chapter 5450 Acts of 1903) (Rev. Gen. Statutes, Sec. 2721, of 1920) all tax deeds are declared to be prima facie evidence of the regularity of the proceedings from the valuation of the lands described in such deeds to the date of its issuance and must so be received in evidence without regard to date of issuance. Cowan v. Skinner, 52 Fla. 486, 42 So. 730. Complainant having produced the mesne conveyances under which he holds which are based upon the tax deed of one of his predecessors in title the burden shifts to de-

fendant to show by competent evidence that the said tax is void and ineffective to convey title.

At the time this suit was commenced on December 29, 1925, Chapter 10223, Acts of 1925, had just gone into effect, Section 1 of which authorizes the bringing of suits in equity to quiet title by any person claiming title to real estate, against any person who has or appears to have or claims an adverse interest legal or equitable therein, for the purpose of determining such interest or claim and quieting. or removing clouds from the title to such real estate; also provides that the fact that the title has not been litigated at law or that the adverse claim against which the bill is brought is void upon its face, or though not void upon its face, requires evidence extrinsic of itself, to establish its validity, ''shall be no bar to granting relief.''

In the case of Florida Finance Co. v. Sheffield, 56 Fla. 285, 48 So. 42, it was held that where the defendant or those under whom he claims goes into actual possession of land purchased under a tax deed regular on its face, though based upon a void assessment, such actual possession for the period of four years prior to the bringing of the action, *will bar the suit*. See also Adams v. Fryer, 59 Fla. 112, 52 So. 611. It also seems that while there is a distinction as between the purpose and effect of a suit in ejectment to dispossess a party with four years possession under a tax deed and that of a suit having for its purpose the setting aside of a tax deed ''as a cloud upon the title'' of the record owner, (Johnston v. Ellsworth Trust Co., 63 Fla. 443, 58 So. 247; Dees et al. v. Smith et al., 58 Fla. 652, 45 So. 173), in either case the party in order to recover must do so upon the strength of his own title and possession and not upon the mere weakness of his adversary's. Brecht v. Bur-Ne Co., 91 Fla. 345, 108 So. 173; McDaniel v. McEloy, 91 Fla. 770, 108 So. 820.

Some courts hold that the special statute of limitation

under a tax deed only applies where the tax deed is "valid on its face"; other courts hold that an action cannot be maintained by the original owner of land sold for taxes against one who has been in possession of it for the statutory period claiming title in good faith under a tax deed "although void on its face"; but this court has held that the statute of limitation does not apply to a suit to set aside a *void* tax deed or to *recover possession* of land attempted to be conveyed thereby. Florida Finance Co. v. Sheffield, supra. The inferences we gather from former decisions is that where the tax deed is not void the limitation runs against the record title owner at the expiration of the four years.

While there is no such proceeding in this state as a bill to declare the validity of a tax deed only, yet the validity of such a deed may be established incidentally by the removal of claim construed as a cloud upon the title of a complainant holding under a tax deed. Stuart v. Stephanus et al., 94 Fla. 1087, 114 So. 767; Brecht v. Bur-Ne Co., 91 Fla. 345, 108 So. 173. In the case of Rabinowitz v. Houk, 100 Fla. 44, 129 So. 501, it was held that the act of a defendant in placing on record "after complainant had acquired his tax deed to the property," a deed based upon a record chain of title antedating the tax deed, created a serious record cloud upon complainant's title which, under the above case of Stuart v. Stephanus, also the case of Jordan v. Baugher, 98 Fla. 438, 124 So. 32, he could file a bill in equity to remove.

The record in this case shows that while it is stipulated between counsel that the fee simple title was vested in Louis W. Benesh at the time the tax deed was issued by the State to Seemiller on July 16, 1921, that it was not recorded until after this suit was begun. It is also shown that Benesh further asserted his ownership to the property by paying the taxes for the years 1924 and 1925, after valuable improvements had been placed upon it and when

the property began to rise in valuation—although he nor his predecessors in title had paid any other taxes thereon from 1916 to the date of the decree.

The acts of Benesh in asserting his title as above shown would constitute ample basis for complainant to ask for a decree on the amended bill quieting title as to Benesh's recently recorded deed, even in the absence of the provisions of said Chapter 10223, Acts of 1925, as there was an attempt by the record title holder to assert his title subsequent to the issuance of the tax deed to Seemiller. Woodman v. Jones et al. 101 Fla. 177, 133 So. 620; Stuart v. Stephanus, 94 Fla. 1087, 114 So. 767.

The question rises as to whether or not Benesh, under the conditions shown by the record and who was not in possession at any time before, or during the suit, was, under his affirmative answer and prayer, entitled to a decree quieting his record title as against the title and possession held by Day.

The appellant contends that it being admitted that he was in possession that possession could not be awarded to one out of possession except upon the verdict of a jury rendered to that effect.

At the time of the passage of the above Chapter 10223, there was also enacted Chapter 11383, Acts of Extra Session, 1925, which may be termed a companion bill, wherein it is provided that if it developes in a suit to quiet title that any defendant is in actual possession of any property in dispute that a trial by jury may be demanded by either party and the chancellor shall cause an issue in ejectment to be made up and tried in the law side of the court. In the case of Albury v. Drummond, 95 Fla. 265, 116 So. 236, it was held that if no demand is made by either party for a jury trial the right is waived, and the chancellor may proceed to final decree. As has been observed in the instant case the defendant has obtained a decree against *complainant in possession* quieting

title as against a tax deed, also against complainant's title which was based upon mesne conveyances.

While there was no interlocutory order or finding of the chancellor *before* the entry of the final decree adjudicating Day to be in possession, it was unnecessary as the pleading admitted it, and neither party requested a trial by jury. This court has held the objects of the above statute (among others) are to enable a rightful owner to secure relief against one not a rightful owner who asserts a claim or pretends to have a right in the land, and to afford means by which an existing record title may be extinguished as a cloud on title of the one who acquired title by adverse possession. McDaniel v. McEloy, 91 Fla. 770, 108 So. 820.

The appellee contends that the four years adverse possession by grantees of the tax title holder could not enure to such grantee, in view of Sections 794 and 795, R. G. S. 1920. It appears that this court has held that said Section 795, providing for a "recovery of taxes and value of improvements" made in good faith by purchaser of the tax certificate or deed, does not apply in cases where holder claims under a deed from some other person who purchased at tax sale. (Porter v. Carroll, supra). The 1927 statute, however, has modified this. See San Sebastian Development Corp. vs. Couch, decided at present term. We do not however understand the above with reference to taxes and improvements, means that a person holding possession under a warranty deed from his immediate predecessors in title who had possession for four years *under a deed from one to whom a tax deed was issued* by the State (or was a purchaser at tax sale), cannot claim the benefit of the four years adverse possession as a limitation in a suit to dispossess him—whether in an ejectment suit or a suit to quiet title. Rabinowitz v. Houk, supra.

There is no reason why the rights accruing to a tax deed holder should not accrue to his grantees who establish possession for the statutory period of four years. See San Sebastian Dev. Corp. vs. Couch, supra.

We know of no reason why a defendant, in a suit to quiet title, should not, when setting up in his answer for affirmative relief and asking that his title be quieted as against complainant's, be required to show and establish the same basis and grounds for obtaining such relief as are required for the complainant in the first instance.

We have not overlooked the fact that the tax deed was issued in 1921 and of course before the Acts of 1925 were enacted, and that the tax deed confers only such rights upon the holder as the statute under which the deed is issued confers. Clark v. Cochran, 79 Fla. 788, 85 So. 255. It will be observed that the law relating to this case on that point was not changed except as to matters of procedure where suits are brought.

It having been shown that the complainant and his immediate predecessors in title have maintained actual possession for four years under deeds through mesne conveyances from a tax deed not shown to be null and void, it was error to render a decree in favor of defendant who had never been in possession.

Having arrived at this conclusion it follows that it is unnecessary to pass upon the other questions presented.

The decree is reversed with directions that a decree be rendered and entered quieting the title held by complainant, with costs.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion, prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the court below should be, and the same is hereby reversed, with directions that a de-

cree be entered quieting the title held by complainant, with costs.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.