Suit by A.J. Pockrus and others against Louis Susman to quiet title to realty. From an adverse decree, defendant appeals.
Decree affirmed.
This is an appeal by the defendant in the lower court from a final decree determining that plaintiff's title to certain real estate in Escambia County is superior to that of defendant. The suit was brought to obtain a decree quieting title upon a deed of conveyance issued to plaintiff by the Board of County Commissioners of Escambia County following a final decree in a tax foreclosure proceeding brought by Escambia County against "Certain Lands in Escambia County, Florida, against which taxes are delinquent." See Statute § 194.47, F.S.A. Susman, the appellant here, and defendant in the lower court in the present suit, was the owner of the property when Escambia County brought its tax foreclosure proceeding.
A motion to dismiss was made and denied in the present suit. That ruling is assigned as error. But in setting forth in his brief the "Questions Involved" as required by Supreme Court Rule 20, appellant merely states: "Did the court err in overruling the motion of the appellant, Louis Susman, (defendant below) to dismiss the plaintiff's bill of Complaint." (Sic.)
It has been held that a question in that form does not comply with the rule. See Hysler v. State, 1938, 132 Fla. 200,181 So. 350. In such a case this court may decline to review the assignment and, accordingly, the ruling on the motion to dismiss is passed for a determination of the real merits of the controversy.
The important question presented here concerns the sufficiency of the description *Page 224 
of the real estate in question in the Escambie County tax foreclosure. Appellant argues that the description in that proceeding was so indefinite as to give the court no jurisdiction; that, hence, the final decree and plaintiff's deed based thereon are utterly void.
Escambia County's tax foreclosure was brought because of tax delinquencies for the years 1940 and 1941. The bill of complaint was filed July 31st, 1944. Final decree, vesting title to the lands in Escambia County, was entered December 30th, 1944. Subsequently the Board of County Commissioners ordered a public auction of the lands in question, and on the day of the sale, October 12th, 1945, Pockrus was the highest bidder for the property.
A significant point in this case is that Susman's representative attended the sale. Here are his own words concerning that event: "I discovered that the sale was being made and was present at the time, but the price that was bid on it foreclosed me from making a bid since we were only to get $3000.00 for the property." Thus it appears that Susman's representative, not only attended the sale, but was present for the purpose of taking part in the bidding.
Under date of October 16th, 1945, the Board of County Commissioners issued the deed in question to Pockrus. He went into actual possession and erected substantial improvements. On June 4th, 1948, he brought this suit to quiet title.
The next important point to consider in the case is Chapter 23827, Acts of 1947, Statute § 192.48, F.S.A., which became effective May 27th, 1947. Subsection 3 thereof provides: "The former owner of, and any persons having or claiming any interest in, any land, the title to which has heretofore passed or purportedly passed to another by virtue of any deed heretofore executed, within the past five years pursuant to any tax foreclosure or procedure or tax forfeiture to satisfy a tax lien, and executed by the State of Florida, or any county, municipality, drainage district, or other taxing unit within the State of Florida, shall have and are hereby allowed one year from the time this Act becomes law within which to bring suit to recover said land or to enforce any right of the former owner or any claim or interest of any person therein, and upon failure to assert such right, claim or interest within such time as is set out in this subsection, such owner and such other persons shall be and are hereby forever barred and foreclosed of rights, claims or interests as aforesaid in and to said lands, and no court of this state, either federal or state, shall thereafter entertain any suit brought by any former owner or person having or claiming an interest as aforesaid for the purpose of questioning, litigating or contesting such title."
There is authority for the proposition that such a special or short limitation period is not applicable to protect a tax title based on an insufficient description. The cases pro and con are to be found in an annotation at 133 A.L.R. 570. Saddler v. Smith, 1907, 54 Fla. 671, 45 So. 718, 14 Ann.Cas. 570, and Day v. Benesh, 1932, 104 Fla. 58, 139 So. 448, indicate that the courts of Florida adhere to the principle just stated. But it will be readily observed that the tax deeds in question there were not issued as here, viz., pursuant to sale at public auction whereat the former owner appeared to bid.
Where the former owner has actual knowledge that his property is being sold at public auction pursuant to a decree of court, attends the sale for the purpose of bidding, and stands by for the statutory period while the successful bidder secures a deed under which he enters possession and erects substantial improvements, such a statutory limitation period as is fixed by Chapter 23827, Acts of 1947, is applicable notwithstanding that the lands bore an insufficient description in tax foreclosure proceedings pursuant to which the public auction was held. That is the situation here, and Susman's claim had been placed in repose when this action was commenced.
One other question presented by appellant is worthy of comment. He argues that the lower court erred in striking a counterclaim filed with the answer. By the counterclaim defendant sought to proceed against Escambia County and the Board of County Commissioners to recover the surplus funds derived from the sale *Page 225 
over and above amounts actually due on account of taxes and costs. Neither Escambia County nor the Board of County Commissioners had been made a party to plaintiff's bill to quiet title.
Obviously defendants position with reference to plaintiff's claim was wholly inconsistent with his position with reference to his own counterclaim against Escambia County and the Board of County Commissioners. In his dispute with plaintiff, defendant was asserting that the sale was a nullity. In his dispute with Escambia County and the Board of County Commissioners defendant could recover only by recognizing the sale as complete. In such a case the Chancellor was properly exercising a discretionary power when he struck the counterclaim. Now that the sale has been upheld, the lower court's ruling leaves the door open for a new suit by defendant against those to whom the surplus funds have been disbursed to assert any right he may have thereto.
The decree is affirmed.
TERRELL, Acting Chief Justice, CHAPMAN, THOMAS, SEBRING and HOBSON, JJ., and BROWN, Associate Justice, concur.