CARROLL, DONALD K., Chief Judge.
The plaintiffs in a suit to quiet title have appealed from an order entered by the Circuit Court for Duval County granting the defendants’ motion for a summary decree and dismissing the plaintiffs’ cause.
In this suit the plaintiffs sought to quiet their title to a parcel of land, known as “Coon Point,” lying in Township 1 South, Range 28 East in Duval County, as against the claims of the said county and the Trustees of the Internal Improvement Fund of the State of Florida.
Although the order appealed from herein granted the defendants’ motion for a summary decree, the chancellor gave all parties an ample opportunity to present their evidence and arguments before he entered this order. Three witnesses testified on behalf of the plaintiffs, who also introduced 38 exhibits in evidence.
A review of the record on appeal requires a consideration of the validity and effect of a Spanish Grant of 1816, the *552 Treaty of Amity, Settlement and Limits between the United States and Spain, dated in 1819, an action of the Board of Land Commissioners for East Florida in 1821, acts passed by Congress in 1823, 1824, 1825, and 1827, and four United States Government Surveys of 1834, 1851, 1948, 1949, and 1957, as well as a private survey of 1961. It would serve no useful purpose to discuss in detail these and many other documents that are included in the nearly three hundred pages in the three-volume record on appeal. Suffice it to say, we hold that the said documents, together with the other evidence in the record, do not constitute clear and convincing evidence of the plaintiffs’ title to the land in question. As the Supreme Court of Florida has held in Brickell v. Trammell, 77 Fla. 544, 82 So. 221 (1919) and other cases, in a suit to quiet title the plaintiff must show “with clearness, accuracy and certainty” the validity of his own title and the invalidity of the claim or act of the opposing party, and the plaintiff must rest upon the strength of his own title “and not upon the lack of right in the opposing party.”
The defendant Duval County bases its title upon its claim that the land in question is sovereignty land which was conveyed in a patent from the United States to the State of Florida in 1951 and a deed of 1958 from the defendants Trustees of the Internal Improvement Fund of the State of Florida to the defendant Duval County.
The appellants’ main contention seems to be that they, as riparian owners of certain upland, acquired title to Coon Point through the process of accretion. The plaintiffs, however, did not allege the theory of accretion in their complaint. Late in the proceedings they made an oral motion for leave to so amend their complaint but they later withdrew their motion and such an amendment was not made. In any event, the record is devoid of any evidence showing whether or not accretion took place. In no respect have they complied with the requirements of proof of accretion. See Siesta Properties, Inc. v. Hart, 122 So.2d 218 (Fla.App. 1960) and Mexico Beach Corporation v. St. Joe Paper Co., 97 So.2d 708 (Fla.App.1957).
We are therefore of the opinion that the chancellor ruled properly in granting the defendants’ motion for a summary decree and in dismissing the cause.
Affirmed.
RAWLS, J., and SMITH, SAMUEL S., Associate Judge, concur.