CARROLL, DONALD K., Judge.
The defendants in a suit to quiet title have appealed from an adverse final decree entered by the Circuit Court of St. Johns County.
The question before us is whether, under the issues framed by the pleadings and the evidence adduced by the parties at the final hearing, the chancellor correctly held the fee simple title to the land in question to be in the plaintiffs, to the exclusion of the defendants.
Through their evidence the plaintiffs with certainty deraigned their fee simple title to the subject land, while the defend *206 ants’ claim of right, title, and interest to the subject land was based upon a tax deed issued to them in 1944 by the Trustees of the Internal Improvement Fund of the State of Florida. The defendants also claim title to the land by adverse possession.
The defendants’ said deed recites therein that the land being conveyed thereby are those referred to, identified and described by State and County Tax Sale Certificates No. 872 (covering taxes for 1929) and No. 3060 (for 1932).
In his final decree the chancellor found from the evidence that the tax sale proceedings which formed the basis for the issuance of the defendants’ tax deed were replete with inconsistencies and were irregular on their face, and that the said deed was a void conveyance insofar as it pertained to the land that is the subject of the instant quieting title suit. Among his specific findings the chancellor found that the legal description of the property in the tax deed did not include the plaintiffs’ said land, which two pieces of land were separately and distinctly assessed on the real estate assessment rolls of the said county for the years in question. The chancellor further found from the evidence before him that the defendants had failed to establish their claim of title to the subject property by adverse possession.
Without detailing the voluminous testimonial and documentary evidence presented by the parties before the chancellor, we deem it sufficient to say that, in our opinion, the said evidence amply supports the above findings of fact and conclusions of law incorporated in the final decree appealed from herein. In this equity suit, of course, the chancellor heard the evidence as the trier of the facts, and we are therefore not authorized to substitute our judgment for his in the determination of facts, so our function on appeal is to determine only whether the chancellor clearly abused his discretion in entering the final decree appealed from. It is our judgment that he did not do so.
In finding that the defendants’ tax deed was void as to the subject land, the chancellor evidently applied the rule, long established in Florida, that the validity of a tax deed is dependant upon the validity of the tax sale proceedings that led to- its-issuance. See, for instance, the decisions of the Supreme Court of Florida in Carncross v. Lykes, 22 Fla. 587 (1886), Townsend v. Edwards, 25 Fla. 582, 6 So. 212 (1889), and Levy v. Ladd, 35 Fla. 391, 17 So. 635 (1895).
The final decree appealed from herein, therefore, should be and it is
Affirmed.
RAWLS, C. J., and JOHNSON, J., concur.