PEARSON, Judge
(concurring specially).
I concur in the opinion of the majority but wish to add one further point. One of appellants’ contentions is that the lower court erred when it quieted title without first submitting an issue in ejectment to a jury. Section 66.16 Fla.Stat., F.S.A. provides for a trial by jury only in the event that a defendant in the case is in actual possession of any part of the land involved in the suit. The chancellor must determine, upon proper proof, whether or not a defendant in the cause is in actual possession of any part of the property before a trial by jury is awarded, and then the trial by jury is made to apply only to that part of the land which is in the possession of the defendants. Albury v. Drummond, 95 Fla. 265, 116 So. 236 (1928).
Appellant admits that in the instant case there is a genuine dispute as to the physical location of the property involved because of conflicting government surveys. While the appellant might show physical possession of certain property, it would be impossible to show that such property is encompassed within a certain description. The chancellor, because of the errors in the surveys, would be unable to determine what land was actually possessed by the appellants. Therefore, it would be impossible to ascertain the land subject to trial by jury.
The chancellor was correct when he entered a decree quieting title and reserved to the parties their rights to determine boundary issues before a court of competent jurisdiction.