GOSHORN, Chief Judge,
dissenting.
I respectfully dissent. In every law suit, the plaintiff has the burden to prove the essential allegations of his complaint. In order to prevail in a suit to quiet title, the plaintiff must establish his own title and not rely on any weakness in the defendant’s title. Day v. Benesh, 104 Fla. 58, 139 So. 448 (1932); Brickell v. Trammell, 77 Fla. 544, 82 So. 221 (1919); Morgan v. Dunwoody, 66 Fla. 522, 63 So. 905 (1913); Levy v. Ladd, 35 Fla. 391,17 So. 635 (1895); Huckins v. Duval County, 147 So.2d 551 (Fla. 1st DCA), cert. denied, 155 So.2d 150 (Fla.1963).
To meet its burden in this case, the state was required to establish the pre-fill historical mean, high water line of that portion of the Crystal River which borders the Railway’s property by clear and convincing proof. See Huckins, 147 So.2d at 552. The court found the testimony of the state’s expert witness to be both inconsistent and erroneous and stated in the final judgment:
It is significant to the court that the state’s expert witness contract with the state expressly limited the scope of his authority and likely prohibited the discovery of the aforementioned pareel(s) of property lying above the historical mean high water elevation. This error is material and fundamental.
Based upon these findings and the evidence, the court held that the state failed in its burden of proof. The findings and the judgment against the state are supported by the record. I would affirm.